### SILER v. MORGAN MOTOR CO. et al.

No. 1535.

District Court E. D. Kentucky.

July 3, 1936.

Hiram H. Owens, of Barbourville, Ky., and Thomas B. Culton, of Corbin, Ky., for plaintiff.

Tye, Siler, Gillis & Siler, of Williamsburg, Ky., for defendants Chrysler Corporation and De Soto Motor Corporation.

Pope & Upton, of Williamsburg, Ky., for defendant Morgan Motor Co.

FORD, District Judge.

The plaintiff, L. S. Siler, a citizen of Kentucky, filed this action in the circuit court of Whitley county joining as defendants the Morgan Motor Company, a corporation organized and existing under the laws of Kentucky, the Chrysler Motor Corporation and the De Soto Motor Corporation, both of which are corporations organized and existing under the laws of the state of Delaware, seeking to recover $26,950 damages for personal injuries alleged to have been sustained as the result of a defectively constructed automobile.

Plaintiff alleges that the De Soto Motor Corporation is a subsidiary of and entirely owned by the Chrysler Motor Corporation and, in substance, further alleges that said corporations were engaged in the manufacture, distribution, and marketing of automobiles, including the automobile in question, for general use upon the highways and did, through their local agent and dealer, Morgan Motor Company, sell the automobile in question to the plaintiff. He alleges that the defendants were grossly negligent in the manufacture and sale of said automobile, in that they and each of them, knowing that it was constructed in such a defective manner as to be unfit and unsafe for its intended use, sold said automobile to the plaintiff for his general use and at the time of so doing not only failed to disclose, but concealed, said defects from the plaintiff.

In due time, the Chrysler Motor Corporation and the De Soto Motor Corporation, the two nonresident defendants, presented to the Whitley circuit court their petition for the removal of the cause to this court, setting out diversity of citizenship as between them and the plaintiff, asserting that the local defendant, Morgan Motor Company, is not and never was jointly engaged with the Chrysler or De Soto Corporations in the manufacture or sale of said automobile nor jointly engaged in any negligent transaction or in the commission of any tort in connection with the marketing of said automobile or otherwise; that the cause of action asserted by the plaintiff against said nonresident corporations is a "separable controversy" which is wholly between citizens of different states and is between them alone; that said controversy can be fully determined as between the plaintiff and said nonresident defendants without the presence of the Morgan Motor Company as a party in the cause; and that the said Morgan Motor Company was "fraudulently joined" in this action for the purpose of preventing its removal to this court.

The plaintiff joined issue upon the allegations set out in the petition for removal, and the lower court adjudged the petition for removal insufficient and declined to enter an order for its removal. Thereupon, the petitioning defendants filed a certified copy of the record in this court, and the plaintiff has filed a motion to remand.

The question presented relates to the jurisdiction of this court arising under the provisions of section 28 of the Judicial Code (28 U.S.C.A. § 71), which provide that when there is pending in a state court any civil suit of which the District Courts of the United States are given original jurisdiction, in which "there shall be a controversy which is wholly between citizens of different States, and which can be fully determined as between them, then either one or more of the defendants actually interested in such controversy may remove said suit into the district court of the United States for the proper district."

It seems to be well settled that an action brought in a state court against two or more defendants jointly in which the plaintiff states a case of joint liability in tort contains no separable controversy which will authorize its removal to the federal court under the provisions of the Judicial Code above referred to, even though the plaintiff might have sued the defendants separately, unless the claim of joint liability is obviously so frivolous and unsound or the facts asserted as its basis so clearly false as to disclose a mere sham or fraudulent device to prevent removal and to preclude every presumption of good faith on the part of the plaintiff.

In the case of Louisville & Nashville R. Co. v. Wangelin, 132 U.S. 599, 601, 10 S. Ct. 203, 33 L.Ed. 473, Mr. Justice Gray, delivering the opinion of the court, said: "It often has been decided that an action brought in a state court against two jointly for a tort cannot be removed by either of them into the circuit court of the United States, under the act of March 3, 1875, c. 137, § 2, upon the ground of a separable controversy between the plaintiff and himself, although the defendants have pleaded severally, and the plaintiff might have brought the action against either alone."

In the case of Powers v. Chesapeake & Ohio R. Co., 169 U.S. 92, 97, 18 S.Ct. 264, 265, 42 L.Ed. 673, the court said: "It is well settled that an action of tort, which might have been brought against many persons or against any one or more of them, and which is brought in a state court against all jointly, contains no separate controversy which will authorize its removal by some of the defendants into the circuit court of the United States, even if they file separate answers and set up different defenses from the other defendants, and allege that they are not jointly liable with them, and that their own controversy with the plaintiff is a separate one; for, as this court has often said, 'A defendant has no right to say that an action shall be several which the plaintiff seeks to make joint. A separate defense may defeat a joint recovery, but it cannot deprive a plaintiff of his right to prosecute his suit to final decision in his own way. The cause of action is the subject-matter of the controversy, and that is, for all the purposes of the suit, whatever the plaintiff declares it to be in his pleadings.'"

In the case of Breymann et al. v. Pa., O. & D. R. Co. (C.C.A.6) 38 F.(2d) 209, 210, the court said: "In determining removability the case must be deemed to be such as the plaintiff has in good faith made it in his petition. If the record discloses such good-faith assertion of a joint cause of action then such action is not separable and there can be no removal unless the claim of joint liability is obviously frivolous, specious, and unsound. Alabama Great So. Ry. Co. v. Thompson, 200 U.S. 206, 216, 218, 26 S.Ct. 161, 50 L.Ed. 441, 4 Ann.Cas. 1147; Southern Ry. Co. v. Miller, 217 U.S. 209, 30 S.Ct. 450, 54 L.Ed. 732; Chicago, B. & Q. R. Co. v. Willard, 220 U. S. 413, 31 S.Ct. 460, 55 L.Ed. 521; Chicago & A. R. Co. v. McWhirt, 243 U.S. 422, 37 S.Ct. 392, 61 L.Ed. 826. As Mr. Justice Holmes has expressed it, the court need not 'consider more than whether there was a real intention to get a joint judgment and whether there was a colorable ground for it shown as the record stood when the removal was denied.' Chicago, R. I. & Pac. Ry. Co. v. Schwyhart, 227 U.S. 184, 194, 33 S.Ct. 250, 251, 57 L.Ed. 473."

The motive of the plaintiff in joining a resident defendant with the nonresident defendants in such an action is not material upon the question of the right of the latter to remove the cause, if such defendants are jointly liable.

In the case of Chicago, Rock Island & Pac. Ry. Co. v. Schwyhart, supra, the court said: "The motive of the plaintiff, taken by itself, does not affect the right to remove. If there is a joint liability, he has an absolute right to enforce it, whatever the reason that makes him wish to assert the right."

It is not claimed by the removing defendants that the petition does not state a cause of action against the nonresident corporations, nor is it claimed that the petition fails to state a cause of action against the resident defendant, the Morgan Motor Company; but it is insisted that the causes of action set up by the petition are not "joint" but are "several" only.

The question is to be determined upon the allegations of the petition as they stood at the time the defendants filed their petition for removal. Whether such allegations show a joint liability upon the part of all the defendants is to be determined by the law of the state where the action is brought. Chicago, R. I. & Pac. Ry. Co. v. Dowell, 229 U.S. 102, 113, 33

S.Ct. 684, 57 L.Ed. 1090; Alabama G. S. R. Co. v. Thompson, 200 U.S. 206, 26 S. Ct. 161, 50 L.Ed. 441, 4 Ann.Cas. 1147; Illinois Central R. Co. v. Sheegog, 215 U.S. 308, 30 S.Ct. 101, 54 L.Ed. 208; Chicago, R. I. & P. Ry. Co. v. Schwyhart, supra, and Chesapeake & O. Ry. Co. v. Cockrell, 232 U.S. 146, 34 S.Ct. 278, 58 L.Ed. 544.

Testing the allegations of the petition in this respect by the law of Kentucky, we find the applicable rule stated in the case of Probst v. Hinesley, 133 Ky. 64, 70, 117 S.W. 389, 391, thus: "The rule is now well settled in this state that while several may be guilty of several and distinct negligent acts, yet, if their concurrent effect is to produce an estimable injury, they are all liable therefor. The comparative degree in the culpability of the two will not affect the liability of either. If both are negligent in a manner contributing to the result, they are liable jointly and severally." Numerous cases from the Kentucky Court of Appeals are cited in that opinion in support of this rule. To the same effect is the later case of Miller v. Weck, 186 Ky. 552, 217 S.W. 904.

The only proof offered by the removing defendants in support of their petition for removal is directed to the establishment of the fact that in dealing with the automobile in question they acted entirely independent of each other, and that the alleged relationship of principal and agent did not exist between them, nor did they in any way jointly participate with each other in handling said automobile.

■■ It is not disputed that liability of a manufacturer to third parties may arise on account of the breach of what may be called a public duty not to make an article for general use which is so defectively constructed as that it is imminently dangerous and unsafe for its intended use. Nor is it disputed that a retailer or seller of such an article may likewise be held liable for concealing known defects in its construction from which injury might reasonably be expected to happen to those purchasing and making use of it in the ordinary way it is intended to be used. Olds Motor Works v. Shaffer, 145 Ky. 616, 140 S.W. 1047, 37 L.R.A.(N.S.) 560, Ann.Cas. 1913B, 689; Kentucky Independent Oil Co. v. Schnitzler, 208 Ky. 507, 271 S.W. 570, 573, 39 A.L.R. 979; Payton's Adm'r v. Childers' Electric Co., 228 Ky. 44, 14 S.W. (2d) 208.

The question presented relates only to the basis upon which their asserted joint liability is founded, for as the court said in the case of Morris v. E. I. Du Pont De Nemours & Co. (C.C.A.) 68 F.(2d) 788, 792: "To bring suit against resident and nonresident defendants jointly is not a fraud upon the jurisdiction of the federal court if some reasonable basis exists for believing that there is a joint liability."

■ It seems thoroughly settled that under the law of Kentucky, as elsewhere, in order to make a case of joint liability, it is by no means essential that such contractual relationships, as joint adventurers, partners, principal and agent, or master and servant, exist between the wrongdoers. Neither is it always essential to joint liability that all defendants charged as joint tort-feasors be shown to have participated in the same acts of negligence.

■ If the concurrent effect of separate and independent acts of negligence is to bring about a single injury, neither the absence of concert of action on the part of the wrongdoers nor the absence of exact coincidence in point of time of commission of the wrongs will defeat joint liability. 62 C.J. p. 1130, § 44.

Judge Cooley, in his Work on Torts (3d Ed.) p. 247, says: "The weight of authority will, we think, support the more general proposition that, where the negligence of two or more persons concur in producing a simple, indivisible injury, then, such persons are jointly and severally liable, although there was no common duty, common design, or concert of action."

In the case of Watson v. Chevrolet Motor Company, 68 F.(2d) 686, 689 (C.C. A.8), the court said: "The petition states a case of the alleged negligence of two different persons, which, without common design or concert of action, concurred to produce a single, indivisible injury. The fact that one party is not primarily responsible for the act of the other can have no effect upon the right of joinder. This situation is present in most cases of concurrent negligence where there is no concert of action nor unity of purpose. Nor do we think it necessary that the petition must in terms allege that 'such separate and distinct acts were joint and concurrent,' as appellees contend. It is sufficient if the petition, reasonably construed, charges concurrent negligence. As said by the late Judge Walter H. Sanborn, speaking for this court in City of Winfield v. Wichita Natural Gas

Company, 267 F. 47, 52: 'It is the controversies, the facts pleaded in the complaint portray, not the legal conclusions the pleader alleges result from those facts, nor his averments of joint liability or joint action, nor his prayer for relief, that determine whether or not the controversies disclosed by the complaint are separable."

In the cases of Hay v. May Dept. Stores Co., 271 U.S. 318, 46 S.Ct. 498, 70 L.Ed. 965, and American Bridge Co. v. Hunt, 130 F. 302, 305 (C.C.A.6), the courts dealt with cases involving separate acts of negligence charged against joint defendants. The situation described by the court in the latter case is typical of both of them. The court said: "Thus we have the negligence of the company in respect to its duty in furnishing a reasonably safe appliance * * * concurring with the negligence of the defendant Calvin Guthrie in the management of a defective crane to bring about the injury to the decedent."

The conclusion reached in both cases was that a separable controversy did not appear upon the pleadings as they stood at the time of removal.

In some of the earlier Kentucky cases diversity of opinion appeared to exist as to the application of the doctrine of proximate cause to relieve a prior tort-feasor from liability in a case of this character where a later tort-feasor intervened. Ward v. Pullman Car Corp., 131 Ky. 142, 114 S. W. 754, 25 L.R.A.(N.S.) 343; Pullman Co. v. C., N. O. & T. P. Ry. Co., 147 Ky. 498, 144 S.W. 385; American Stone Ballast Co. v. Marshall's Adm'r, 206 Ky. 133, 266 S. W. 1051. However, in the later case of Kentucky Independent Oil Company v. Schnitzler, supra, the court seems to have definitely adopted what it termed "the modern view," saying: "That appellant set in motion forces which ultimately resulted in damage to appellee's decedent of a kind that the law will notice and give redress for must be conceded. Does the fact that a second human actor, not acting in concert with a first human actor, intervenes with a tortious act which begins later in time to a tortious act of the first actor, and which second tortious act is the only force in active motion at the time of the damage, exonerate the first actor from liability? Although the second human actor may be liable, it does not necessarily follow that the first is exonerated. By the decided weight of authority, the first will be liable, if he foresaw or ought to have foreseen the commission of the second's tort. Although the earlier view was that the prior tort-feasor was never liable where a later tort-feasor intervened (see Vicars v. Wilcocks, 8 East. 1 [1806]), yet it has gradually come to be admitted that the earlier tort-feasor is liable in cases where the commission of the subsequent unlawful or tortious act and the happening of the damages ought to have been foreseen by him as not unlikely to follow."

However, such mere doubtful issues of law and fact in the case are not to be determined in the removal proceedings. Where colorable grounds are shown in support of a bona fide intention to secure a joint judgment, the merits of the case are to be tried in the court which has jurisdiction. C. & O. Ry. v. Cockrell, supra; C., R. I. & P. Ry. Co. v. Schwyhart, supra; and L. & N. R. Co. v. Wangelin, supra. As said by the Supreme Court in Powers v. C. & O. Ry., supra: "A separate defense may defeat a joint recovery, but it cannot deprive a plaintiff of his right to prosecute his suit to final decision in his own way."

In view of the undenied connection of all of the defendants with the alleged defective automobile in its progress from factory to market, it cannot be said that the assertion of joint liability is without colorable grounds or reasonable basis. No reason is disclosed for doubting the good faith of the plaintiff in so joining the parties, nor is there any foundation for concluding that the joinder is a sham or a fraudulent scheme to deprive the nonresident defendants of the right of removal.

This court should be equally as careful to avoid encroachment upon the proper jurisdiction of the state court as it is vigilant in protecting its own jurisdiction. Wecker v. National Enameling Co., 204 U. S. 176, 27 S.Ct. 184, 51 L.Ed. 430, 9 Ann. Cas. 757. And, where the question is doubtful, the doubt should be resolved in favor of remand. Breymann v. Pa. O. & D. R. Co., supra.

Looking to the case made in the pleadings, I am of the opinion that the controversy in this case is not "wholly between citizens of different states and which can be fully determined as between them," nor is the proof in the record sufficient to sustain the charge of fraudulent joinder.

The motion to remand the case to the circuit court of Whitley county should be sustained. Let an order be entered accordingly.