HARWARD v. GENERAL MOTORS COR-
PORATION et al.
Civ. No. 432.

United States District Court
E. D. North Carolina, Raleigh Division.
March 22, 1950.

Bunn & Arendell, Raleigh, N. C., for plaintiff.

Cale K. Burgess, Raleigh, N. C., for General Motors Corp., defendant.

GILLIAM, District Judge.

This action to recover damages alleged to have resulted from the defective construction of a new automobile bought by the plaintiff from the defendant Sir Walter Chevrolet Company, was removed to this Court from the State Court by the defendant, General Motors Corporation, a nonresident corporation, and thereafter the plaintiff moved the Court to remand the action to the State Court for trial. The Sir Walter Chevrolet Company, the other defendant, is a North Carolina corporation and the plaintiff is a resident of North Carolina.

The removing defendant asserts three grounds for its contention that the action was not improvidently removed:

First ground: That it is the only defendant against which there is stated a valid cause of action.

Among the allegations contained in the complaint are the following: "Said defendant failed in the exercise of ordinary care properly to inspect said automobile upon its receipt from its codefendant, General Motors Corporation, before selling same to plaintiff."

"Said defendant failed in the exercise of ordinary care to discover the perilous condition of the steering mechanism of said automobile and repair the same before selling said automobile to plaintiff."

"Said defendant permitted plaintiff to drive said automobile on the public highways of the State when it knew or in the exercise of due diligence should have known that said steering mechanism would break down with painful, serious and permanent injuries and damages to plaintiff."

"Even after being warned by plaintiff that the steering mechanism of said automobile was not functioning properly, said defendant gave plaintiff every assurance that said steering mechanism had been inspected and repaired and that plaintiff could drive said automobile with absolute safety."

"Said defendant knew or in the exercise of due diligence should have known that the perilous condition of the steering mechanism of said automobile would cause said automobile to lock, turn over, and cause plaintiff painful, serious and permanent injuries."

It is held that the complaint states a cause of action against the Sir Walter Chevrolet Company under the North Carolina law which is applicable in this case. Under modern authorities a retailer of new automobiles may be held liable for failing to protect the purchaser against injuries arising from either known defects in construction or defects which would have been discovered by the exercise of reasonable care upon inspection. Prosser on Torts, p. 681; Siler v. Morgan Motor Co., D.C., 15 F.Supp. 468.

Second ground: There is in the complaint allegation of a separate and independent claim or cause of action, which would be removable if sued upon alone.

The court holds against the removing defendant on this contention upon the authority of Siler v. Morgan Motor Co., D.C., 15 F.Supp. 468, and other cases examined, including Bentley v. Halliburton Oil Well Cementing Co., 5 Cir., 174 F.2d 788; Butler Mfg. Co. v. Wallace & Tierman Sales Corp., D.C., 82 F.Supp. 635; Hough v. Southern Railway Co., 144 N.C. 692, 696, 57 S.E. 469; Hollifield v. Southern Bell Telephone & Telegraph Co., 172 N.C. 714, 90 S. E. 996; Raulf v. Elizabeth City Light & Power Co., 176 N.C. 691, 97 S.E. 236; Hipp v. Farrell, 169 N.C. 551, 86 S.E. 570; Henderson v. Powell, 221 N.C. 239, 19 S.E. 2d 876.

The allegations in the Siler case are strikingly similar to the allegations here. While it is true that this case was decided under the old statute which recognized a separable controversy as a ground for removal, a cause not removable under that statute would not be removable under the new statute which limits the right of removal to cases where "a separate and independent claim or cause of action, which

would be removable if sued upon alone, is joint with one or more otherwise non-removable claims or causes of action." As stated in the Bentley case above mentioned, "Under the new Judicial Code, separable controversies are abolished, as a distinct ground of federal removal jurisdiction, and Section 1441(c) of said code was substituted in lieu thereof. The separable controversy was uprooted, but the soil in which it flourished remains. The difference between the two concepts is one of degree, not of kind; and the basic principles are as applicable now as they were under prior statutes." [174 F.2d 791.]

In the Siler case it is stated, 15 F. Supp. on page 470: "It seems to be well settled that an action brought in a state court against two or more defendants jointly in which the plaintiff states a case of joint liability and tort contains no separable controversy which will authorize its removal to the federal court under the provisions of the Judicial Code * * * even though the plaintiff might have sued the defendants separately."

Again citing from the opinion in the Siler case, also, 15 F.Supp. on page 470, it is stated: "It is not claimed by the removing defendants that the petition does not state a cause of action against the nonresident corporations, nor is it claimed that the petition fails to state a cause of action against the resident defendant * * * but it is insisted that the causes of action set up by the petition are not 'joint' but are 'several' only.

"The question is to be determined upon the allegations of the petition as they stood at the time the defendants filed their petition for removal. Whether such allegations show a joint liability upon the part of all the defendants is to be determined by the law of the state where the action is brought."

And on page 471, same opinion in 15 F. Supp., it is stated: "Testing the allegations of the petition in this respect by the law of Kentucky, we find the applicable rules stated in the case of Probst v. Hinesley, 133 Ky. 64, 70, 117 S.W. 389, 391, thus: 'The rule is now well settled in this state

that while several may be guilty of several and distinct negligent acts, yet, if their concurrent effect is to produce an estimable injury, they are all liable therefor. The comparative degree in the culpablilty of the two will not affect the liability of either. If both are negligent in a manner contributing to the result, they are liable jointly and severally.' "

The above quoted rule in Kentucky is in accord with the general rule and also with the North Carolina rule. Henderson v. Powell, 221 N.C. 239, 242, 19 S.E.2d 876, 878: "When several proximate causes contribute to an accident, and each is an efficient cause, without the operation of which the accident would not have happened, it may be attributed to all or any of the causes; but it cannot be attributed to a cause, unless without its operation the accident would not have happened." In North Carolina joint tort-feasors are jointly and severally liable and the injured party may sue one or all of them.

Hough v. Southern Railway Company, 144 N.C. 692, 696, 57 S.E. 469, 471: "This is the substance of the cause of action, which, being for a tort, may be made joint, by uniting all of the tort-feasors as defendants in one action, or several, by suing each in a separate action. The plaintiff, or party aggrieved by the wrong, may make it joint or several at his election; and it is not open to the wrongdoer to complain of the election so made, or to dictate how he shall make his choice. If the injured party chooses to sue the wrongdoers jointly, he thereby declares that the tort shall be joint, and the law so regards it, without listening to or even hearing from the wrongdoer. And so it is wher he sues them separately. His election finally determines what shall be the character of the tort, whether joint or several. This principle has controlled the courts in deciding upon applications for the removal of causes from the state to the federal courts * * *."

Hollifield v. Southern Bell Telephone & Telegraph Co., 172 N.C. 714, 90 S.E. 996, 999: "The plaintiff is entitled to have his cause of action considered as stated in his

174

complaint. If there has been a joint tort committed, he may sue the wrongdoers jointly or separately, at his election, as they are liable to him in either form of action."

Raulf v. Elizabeth City Light & Power Co., 176 N.C. 691, 97 S.E. 236, 238: "It is the settled rule, in cases of this character, that, where the wrongful acts of two or more persons concur in producing a single injury and with or without concert between them they may be treated as joint tort-feasors and, as a rule, sued separately or together at the election of plaintiffs."

 Here the plaintiff has brought his suit against two joint tort-feasors and has alleged concurring negligence on the part of each. It makes no difference that he alleges several liability because under the North Carolina law the liability is both joint and several. As stated in the Bentley case: "The federal authorities are still potent to the effect that the plaintiff has the right to select the forum; to elect whether to sue joint tort-feasors jointly or separately; and to prosecute his own suit in his own way to a final determination. They are also potent to the effect that, if the complaint is filed in good faith, the cause of action, for the purpose of removal, is deemed to be that which the plaintiff has undertaken to make it; that the defendant cannot make separate a cause of action which the plaintiff has elected to make joint; * * *. That a separate defense may defeat a joint recovery, but cannot deprive the plaintiff of his right to sue joint tort-feasors jointly, is a federal rule that was announced under the separable-controversy provisions of the old statute, which is still sound and capable of being used in cases under Section 1441 (c) of the new code."

It is stated also in the Siler opinion, 15 F.Supp. at page 471: "It is not disputed that liability of a manufacturer to third parties may arise on account of the breach of what may be called a public duty not to make an article for general use which is so defectively constructed as that it is imminently dangerous and unsafe for its intended use. Nor is it disputed that a retailer or seller of such an article may likewise be held liable for concealing known defects in its construction from which injury might reasonably be expected to happen to those purchasing and making use of it in the ordinary way it is intended to be used."

Third ground: The resident defendant was made a party in an attempt to defeat the non-resident's right to removal. This contention is without substantial merit. Chicago, R. I. & P. Railway Co. v. Schwyhart, 227 U.S. 184, 193, 33 S.Ct. 250, 251, 57 L.Ed. 473: "Again, the motive of the plaintiff, taken by itself, does not affect the right to remove. If there is a joint liability, he has an absolute right to enforce it, whatever the reason that makes him wish to assert the right."

The Court is of the opinion that the action was improvidently removed to this Court, and an order remanding it to the State Court has been entered.