**BUCKHOLT et al. v. DOW CHEMICAL CO. et al.**

Civ. A. No. 4568.

United States District Court
S. D. Texas, Houston Division.

Dec. 16, 1948.

Allen, Smith & Neal, J. Edwin Smith, and W. J. Coulson, Jr., all of Houston, Tex., for plaintiffs.

Kemper, Wilson & Schmidt and W. L. Kemper, all of Houston, Tex., Barnes & Barnes, of Beaumont, Tex., and Andrews, Kurth, Campbell & Bradley and Kelley, Mosheim & Ryan, all of Houston, Tex., for defendants.

KENNERLY, Chief Judge.

This is a hearing on plaintiff's motion to remand this case to the State Court.

According to the allegations contained in plaintiffs' complaint filed in the State Court, Thomas Elias Buckholt, Sr. (for brevity called Buckholt, Sr.) was an employee of Ole Peterson & Son (for brevity called Peterson), who were contractors. Peterson had a contract to do certain excavating and dredging work on the premises of four defendants, Dow Chemical Company, Dow Corning Corporation, Dow Magnesium Corporation, and Ethyl-Dow Chemical Company. Nearby or adjacent to such premises, there were situated the high power electric lines of defendant Houston Lighting & Power Company. Buckholt, Sr., was killed on such premises on or about October 2, 1946, while working for and in the course of his employment with Peterson.

This suit for damages for the death of Buckholt, Sr., is by Lydia Rachel Buckholt, the surviving wife of Buckholt, Sr., and their five minor children. Also by the mother of Buckholt, Sr. All are alleged to be citizens of Texas. Also by the Pacific Employers Insurance Company, a citizen of California. Plaintiffs first mentioned are alleged to be the legal representatives of Buckholt, Sr., and the Pacific Employers Insurance Company is alleged to have paid them or some of them compensation under the Texas Workmen's Compensation Law, Vernon's Ann.Civ.St. art. 8306 et seq., which it seeks to recover back from defendants.

The defendants Dow Chemical Company, Dow Magnesium Corporation, and Ethyl-Dow Chemical Company are alleged to be citizens of Delaware. The defendant Dow Corning Corporation is alleged to be a citizen of Michigan. The defendant Houston Lighting & Power Company is alleged to be a citizen of Texas. The case was removed into this Court by the defendants Dow Chemical Company and the Dow Magnesium Corporation, and as stated plaintiffs have moved to remand.

It is alleged that Buckholt, Sr., was killed by a "fatal shock of electricity" from such high power electric lines. Negligence is charged *jointly* and *severally* against *all* of the defendants,[1] i.e.:

---

[1] Paragraph II of the complaint is in part as follows (italics mine):
"On or about the 2nd day of October, 1946, Ole Peterson & Son had in effect with the defendants, the Dow Chemical Company, Dow Corning Corporation, Dow Magnesium Corporation, and Ethyl-Dow Chemical Company, jointly and severally, a contract for the performance of certain excavation and dredging operations in the premises and properties of said defendants at or near to their Oyster

(a) Each defendant is *severally* charged by plaintiffs with negligence, and a *several* recovery is sought against each defendant.[2]

(b) The defendants are *jointly* charged by plaintiffs with negligence, and a *joint* recovery is sought against them.

1. Counsel for defendants in their briefs, in the main, discuss the matter as if it arose under the old statute, i.e., Section 71, Title 28 U.S.C.A. This Statute made provision for the removal of cases into the Federal Courts where there was

---

Creek Pump Station in Brazoria County, Texas. At such time the deceased, Thomas Elias Buckholt, was an employee of Ole Peterson & Son and was working as a member of the crew, which at such time was performing the aforementioned excavation and dredging operations on the premises of the said defendants. The operations were being performed through the use of a large motor crane or hoist which was operating in close proximity to power lines charged with high voltage of electric current. These power lines were owned, controlled, managed, or supervised by all of the defendants herein, acting jointly and *severally*, and the electric current running through said lines was being furnished by all of the defendants herein acting jointly and *severally;* the lines were on the premises of the defendants. The Dow Chemical Company, Dow Corning Corporation, Dow Magnesium Corporation, and Ethyl-Dow Chemical Company. All of the defendants herein, jointly and *severally,* had actual knowledge of the operations taking place, or in the exercise of ordinary care should, or could, have had actual knowledge of the operations taking place. Notwithstanding such actual or constructive knowledge, and notwithstanding that the defendants, jointly and *severally,* knew, or by the exercise of ordinary care should have known that the operations taking place were inherently dangerous for the deceased, the defendants, acting jointly and *severally,* wholly failed to turn off the power in said lines, wholly failed to insulate or 'sleeve' said lines, and wholly failed to warn the deceased of the dangers of working under the circumstances and conditions existing."

Grounds of negligence are stated more in detail in Paragraph III of the complaint as follows (italics mine):

"Without waiving the preceding allegations but still insisting upon the same and pleading expressly in the alternative, the plaintiffs show that the death of Thomas Elias Buckholt, Sr., was proximately caused by one or more of the following acts and omissions on the part of the defendants, acting jointly and *severally,* through their agents, servants, and employees:

"(1) In failing to turn off the electric current in the power lines while the excavation or dredging operations were being carried on.

"(2) In failing to have the power lines insulated.

"(3) In failing to place, or have placed 'sleeves' on the power lines while the excavation or dredging operations were taking place.

"(4) In failing to have the power lines at a reasonably safe distance from the ground.

"(5) In failing to warn the deceased of the dangers inherent in working under the circumstances and conditions existing on the occasion in question.

"(6) In failing to instruct the deceased as to proper precautionary measures to take to safely work under the circumstances and conditions existing on the occasion in question.

"(7) In failing to have 'circuit breakers' attached to the power lines or to the electrical equipment serving the power lines.

"(8) In failing to have devices attached to the power lines to prevent current passing from the lines through the crane or hoist upon the crane or hoist contacting or coming into close proximity to the power lines.

"(9) In failing to furnish the deceased a reasonably safe place in which to work on the occasion in question."

[2] Attention is also drawn to Paragraph V of the complaint as follows (italics mine):

"Without waiving any of the preceding allegations, but still insisting upon the same, the plaintiffs show that the defendants The Dow Chemical Company, Dow Corning Corporation, Dow Magnesium Corporation, and Ethyl-Dow Chemical Company, acting jointly and *severally,* were guilty of negligence in failing to request and require of Houston Lighting & Power Company that it disconnect or turn off the current through the said lines during the progress of the dredging or excavating operation, and in failing to request and require of Houston Lighting & Power Company that it take precautionary measures for the safety of the deceased, while he was working on the crew performing such operations.

"In the alternative, and without waiving any of the preceding allegations but

"a controversy which is wholly between citizens of different States," i.e., a "separable controversy," etc. That language is not in the present Statute, Section 1441 of Title 28, effective September 1, 1948. It is unnecessary, therefore, to review the many cases, some conflicting, to determine whether this case is or is not removable under that Statute.

The present Statute deals with *separate and independent claims or causes of action.* It is said, Section 1441, Par. (c):

"Whenever a separate and independent claim or cause of action, which would be removable if sued upon alone, is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters not otherwise within its original jurisdiction."

Effect must be given to every part of plaintiffs' pleadings, and it is perfectly plain that plaintiffs by *severally* suing each defendant, as stated, are asserting against *each* a separate and independent claim or cause of action, which if sued upon alone would be removable by all or either of the four defendants, who are not citizens of Texas. Except in mechanical arrangement, the pleadings of plaintiffs in this case are substantially the same as the pleadings of plaintiff in Bentley v. Halliburton, D. C., 81 F.Supp. 323. The pleadings in both cases set forth claims and causes of action which are several and which are separate and independent within the meaning of Section 1441(c).

Such separate and independent claims or causes of action against such four defendants were joined in the State Court with a separate and independent claim or cause of action against the Houston Lighting & Power Company, a citizen of Texas, which is nonremovable. They are also joined with a joint claim or cause of action against *all* defendants. I think, therefore, this case is removable under Section 1441(c), and plaintiffs' Motion to Remand is denied.

---

still insisting upon the same, the plaintiffs show the defendants, The Dow Chemical Company, Dow Corning Corporation, Dow Magnesium Corporation, and Ethyl-Dow Chemical Company, acting jointly and *severally*, had prior to the deceased's death, requested of the defendant Houston Lighting & Power Company that it turn off or disconnect the current through the power lines while the dredging and excavating operations were in progress; the defendant, Houston Lighting & Power Company, was negligent in failing to disconnect or turn off the current through the lines while the excavating and dredging operations were in progress in compliance with the request of the other defendants, or to take other precautionary measures for the safety of the deceased while the excavating and dredging operations were in progress.

"Further, the plaintiffs show that the defendants, and all of them, acting jointly and *severally*, were negligent in failing to turn off, or to have turned off, the electric current while the dredging and excavating operations were in progress, and in failing to take proper precautionary measures for the safety of the deceased while the dredging and excavating operations were taking place.

"All of these acts and omissions on the part of the defendants, and all of the aforealleged acts and omissions on the part of the defendants, acting jointly and *severally*, constituting negligence proximately causing the death of the deceased, Thomas Elias Buckholt, Sr., and the damages and losses to the plaintiffs."