**BURNS v. CAROLINA POWER & LIGHT CO. et al.**

**Civ. A. No. 2194.**

United States District Court
E. D. South Carolina, Florence Division.

April 22, 1949.

See also 88 F.Supp. 769.

J. E. Dudley, Bennettsville, S. C., Mozingo & Watts, Darlington, S. C., for plaintiff.

Dargan, Paulling & James, Darlington, S. C., A. Y. Arledge, Raleigh, N. C., for defendants.

WARING, Chief Judge.

The plaintiff, John Burns, and the defendant, J. M. Daley were fellow servants employed at Consumer's Brick Yard. Certain high voltage lines of the defendant, Carolina Power and Light Company, were strung and maintained over the brick yard. It is alleged that this transmission line was of an insufficient height and created a danger to the employees of the brick yard and that the Power Company was familiar with the surroundings and knew that the brick yard used a long crane, and that there was danger of contact. The plaintiff was injured as a result of the crane coming in contact with the wires, the crane at the time of the accident being operated by the defendant, Daley.

The allegations of the Complaint are sufficient to state a cause of action against the Power Company which is a nonresident corporation and which, by appropriate proceedings, has removed this case from the

Common Pleas Court at Darlington, South Carolina to this court.

The defendant, Daley, has not appeared in the cause. He is a resident of the state of South Carolina.

The plaintiff moves to remand to the State Court and alleges that his injuries were caused by the joint and concurrent negligence of the two defendants, and if this be true, the case is not removable to this court and should be remanded. On the other hand, the Power Company claims that there is no joint cause of action set forth in the Complaint and that the allegations of separate negligence of the two defendants are not shown to be concurrent; and that the Complaint actually fails to show any negligence by the defendant, Daley, and that he is improperly joined as a defendant; and that the case should be removed to this court for trial of the allegations of negligence alleged against the Power Company alone.

The Complaint alleges a number of specifications of negligence against the Power Company in regard to the construction, operation, and maintenance of the lines and wires carrying very high voltage current. The allegations as to Daley are that he was in the cab of the movable crane operating the crane and that he was in a position where he could not see the power lines, and being in such blind position, he caused the crane to be elevated so that it came in contact with the Power Company wires, and electric current was transmitted to another portion of the crane where the plaintiff, Burns, was working resulting in serious injuries to the last named. Neither Burns nor Daley were employees of or had any connection with or owed any duty to the Power Company. It might be claimed that their employer, The Consumers Brick Yard, was negligent in placing them in the position where they were working and would be liable under the common law doctrine of negligence equally with the Power Company. But this employer is not made a party defendant and, of course, could not be because of its liability to Burns or others of its employees being limited solely under the South Carolina Workman's Compensation Act, Code 1942, § 7035 et seq.

Careful examination of the Complaint will show that nowhere is it alleged that Daley had any knowledge of the presence of the electric wires. It is not shown that anyone called these to his attention or that he had ever worked there before and as a matter of fact, it is alleged that he was working in the cab of the crane in a position where he was unable to see the wires. Thus, it is seen that, not only is there failure to show that Daley had knowledge or should have had knowledge of the wires but the allegations of the Complaint negative such a suggestion by positively alleging that he *could not* have had such knowledge.

It is unnecessary to cite cases or authority to support a finding that if the Complaint not only alleges, but by its recitation of facts shows that there were joint acts of negligence, then the state court would retain jurisdiction where one of the defendants is a local resident. And it is equally well established that if several acts of negligence are alleged, and it is shown by proper pleading that these acts concurrently brought about the claimed damages that the state court would likewise retain jurisdiction. The plaintiff in the instant case relies upon a recent decision of this court, namely: English v. Atlantic Coast Line Railroad Company, D. C., 80 F.Supp. 681, wherein the defendants were a railroad company and the engineer of its railroad train which was alleged to have collided with the plaintiff's automobile. The railroad was a non-resident and the engineer a resident of the state. A number of specifications of negligence were recited and some of these were ascribable to the railroad alone and others to the engineer. But the Complaint contained a distinct allegation that "each and every act of omission and commission of Defendants" were the "proximate and concurrent cause" of the injuries and concurrently contributed to the same. The court was therefore warranted in remanding the case and holding that the plaintiff, having distinctly elected to base his complaint upon allegations that the injuries resulted from the

concurrent negligent acts of *both* defendants, thus created a situation where the plaintiff would have to prove negligent acts of both defendants and would be bound so to do in trying his case. But in the instant case, an examination of the Complaint discloses a very different state of allegations. The plaintiff has set out clearly and distinctly allegations of negligence by the Power Company and if he is able to prove these allegations, will recover against that defendant. But in his allegations as to the negligence of the defendant, Daley, he has failed to show the violation of any duty owed by Daley to him; and he has, in effect, excluded that theory so that Daley could well appear and move to dismiss the action against himself because of failure to state actionable acts (this would be a demurrer under the old practice).

And so I find that since the Complaint does not set out a good cause of action against Daley, and certainly not one that is joint or concurrent with the acts alleged to have been committed by the Power Company, this court must retain jurisdiction of the cause as against the Power Company only, since there is diversity of citizenship. It is therefore

Ordered, that the motion to remand be, and the same is hereby refused, and the defendant, Carolina Power and Light Company be given twenty days from the date hereof within which to file and serve its Answer to the Complaint.