COMMANDER–LARABEE MILLING CO. v.
JONES–HETTELSATER CONST.
CO. et al.

No. 6022.

United States District Court
W. D. Missouri, W. D.

Jan. 19, 1950.

Henry M. Shughart, Harry P. Thomson, Jr., Kansas City, Mo., for plaintiff.

Leo T. Schwartz, John A. McGuire, Kansas City, Mo., for defendants.

RIDGE, District Judge.

Plaintiff engaged defendant Jones-Hettelsater Construction Company, by written contract, to construct and repair in part a grain elevator and mill. Plaintiff alleges that by the terms of such contract the primary liability for any negligence in the performance of the work in question was on the defendant Jones-Hettelsater Construction Company; that to protect itself against such liability, said defendant obtained a liability insurance policy from defendant Liberty Mutual Insurance Company by the terms of which that insurance carrier agreed to pay all sums which the defendant Jones-Hettelsater Construction Company should become obliged to pay by reason of the liability imposed on it by the aforesaid undertaking, and to defend all suits and claims arising out of the aforesaid construction work. While the construction work in question was being carried on, two suits were instituted against plaintiff, one by John Burke and the other by Earl J. Toller, workmen engaged on said project, in the employ of sub-contractors, in which actions each of the last-named parties claimed damages for personal injuries sustained by them, under circumstances which plaintiff alleges establishes liability therefor on Jones-Hettelsater Construction Company and which was within the coverage of the insurance that defendant secured from defendant Liberty Mutual Insurance Company. Plaintiff alleges it made timely demand on defendants herein to take over the defense of said action, that defendants failed and refused so to do, as a consequence plaintiff was compelled to defend said actions; and, having judgment rendered against it in one such action, and having prudently made settlement of the other, it

here seeks recoupment of all sums it was required to disburse to dispel the liability so secondarily imposed on it.

The nature and character of the actions so instituted against plaintiff, and a detailed statement of the items of expenditures plaintiff here seeks to recoup, are not presently important. The matter we are now concerned with is the right of removal of this action under Section 1441(c), Title 28 U.S.C.A., by defendant Liberty Mutual Insurance Company, on the ground of separate and independent claim. Hence the nature of the claim, or claims, here made by plaintiff against that defendant is the deciding factor of removability and not a narrative of the events leading up to such claim.

The instant complaint is laid in six (6) counts, alternatively. The first three (3) counts thereof relate to recoupment plaintiff seeks to have as the result of the Burke claim; and the remaining three (3) counts concern the expense incurred by plaintiff as a result of the Toller claim. The first and fourth counts of the complaint are promised on the theory that if anyone was liable for the injuries sustained by Burke and Toller it was defendant Jones-Hettelsater Construction Company, under the construction contract that defendant had with plaintiff. Liberty Mutual Insurance Company was not a party to that construction contract. Although plaintiff prays judgment against both defendants jointly, in each of said counts, it is clear that under the theory of action stated in Counts 1 and 4 of the complaint, recovery could be had only against the defendant Jones-Hettelsater Construction Company, if plaintiff is entitled to recovery under these two counts. Counts 2 and 5 of the complaint proceed on the theory that under the construction contract plaintiff had with defendant Jones-Hettelsater Construction Company, the latter agreed to carry and maintain insurance coverage to protect plaintiff against claims for personal injuries, such as Burke and Toller claimed against plaintiff; and, that defendant Jones-Hettelsater Construction Company breached such contract by failing to procure insurance coverage for that purpose. In Counts 2 and 5, plaintiff prays judgment only against the defendant Jones-Hettelsater Construction Company for the monies disbursed by it in defending and settling the personal injury actions in question. Manifestly, no joint cause of action is stated against both defendants herein, in Counts 2 and 5 of the complaint, under such circumstances.

By Counts 3 and 6 of the complaint, it is revealed that Jones-Hettelsater Construction Company did procure from defendant Liberty Mutual Insurance Company, a policy of insurance covering liability against all claims arising from or in connection with the construction work in question; that it is the contention of defendant Jones-Hettelsater Construction Company that by the terms of such policy the coverage there afforded was extended to include plaintiff and that the claims and suits of said Burke and Toller made against plaintiff are, and were, within such inclusion coverage. As a consequence thereof, plaintiff alternatively in Counts 3 and 6 seeks to directly recover from defendant Liberty Mutual Insurance Company, as by an insured within the coverage of said policy of insurance, the expenditures made by it because of the Burke and Toller claims; or, failing so to do, to directly recover from Jones-Hettelsater Construction Company, such sum, as by way of breach of contract, for violation of its contractual obligations in failing to carry insurance properly covering and protecting plaintiff from claims such as the one made by Burke and Toller, as that defendant agreed to do in the construction contract it had with plaintiff. Thus it is seen that only in Counts 3 and 6 of the complaint does plaintiff allege facts, in the alternative, establishing a right of recovery against one, or the other, of the defendants herein, for the sums plaintiff here claims are due it; and, that the facts so alleged, alternatively, reveal that plaintiff promises such right of recovery against each defendant separately on an independent and unconnected contractual obligation alleged to have been assumed by that individual defendant to plaintiff. Therefore, the question is presented in this removal proceeding, whether the cause of action stated against defendant Liberty Mutual Insurance Company in the

third and sixth counts of the complaint, joined as it is in the alternative with a claim asserted by plaintiff against the co-defendant, is a separate and independent claim, which, if sued upon alone, is a civil action of which this district court would have original jurisdiction.

The right of action here asserted by plaintiff against defendant Liberty Mutual Insurance Company arises out of the policy of insurance that defendant issued to its codefendant Jones-Hettelsater Construction Company. Plaintiff claims that it has rights, as an insured under that policy, and that the single legal wrong defendant Liberty Mutual Insurance Company has committed against plaintiff in respect thereto, is that said defendant has failed and refused to assume its obligations to plaintiff pursuant to the provisions of such policy. The claim so made by plaintiff is separate and distinct from any claimed violation of rights plaintiff asserts defendant Jones-Hettelsater Construction Company has committed respecting plaintiff, and is one that can be fully adjudicated and determined as between plaintiff and defendant Liberty Mutual Insurance Company, without consideration of any claim plaintiff here asserts against defendant Jones-Hettelsater Construction Company. The sole issue in this action as between plaintiff and Liberty Mutual Insurance Company is whether plaintiff is within the coverage of the policy of insurance issued by defendant Liberty Mutual Insurance Company. The terms and provisions of the policy of insurance will determine that issue. That issue presents a claim made by plaintiff against defendant Liberty Mutual Insurance Company, which, if sued upon alone, this Court would have original jurisdiction of. The cause of action thus asserted does not become joint, or joint and several as between the defendants herein, from the mere fact that plaintiff, under Rule 20(a), 28 U.S.C.A., has elected to also allege, in the alternative, a cause of action, or claim, against the defendant Jones-Hettelsater Construction Company, if plaintiff is not permitted recovery under the insurance policy in question. Plaintiff cannot, by such procedure, make joint what is essentially a separate claim against defendant Liberty Mutual Insurance Company and thereby prevent removal of such separate claim by that defendant to this Court, under Section 1441 (c), Title 28, U.S.C.A. Texas Employers Ins. Ass'n v. Felt, 5 Cir., 150 F.2d 227, 160 A.L.R. 931.

Jones-Hettelsater Construction Company is a citizen of the State of Missouri, as is the plaintiff. Liberty Mutual Insurance Company is a citizen of the State of Delaware. The claims plaintiff here makes against the defendants are distinctly separable. By virtue of the foregoing, we shall not undertake to determine in this Court, any liability, or adjudicate any claim plaintiff here makes against defendant Jones-Hettelsater Construction Company. Those matters are not within our original jurisdiction and therefore should be remanded for trial in the state courts of Missouri. It is so ordered. Plaintiff's motion to remand this cause, so far as the claim made against defendant Liberty Mutual Insurance Company is involved, is overruled.