## RODEWALD v. PHILLIPS PETROLEUM CO. et al.

### No. 1–51.

United States District Court S. D. Iowa, Davenport Division.

June 22, 1950.

Emmett Patrick Delaney, Clinton, Iowa, Maxwell A. O'Brien (of Parrish, Guthrie, Colflesh & O'Brien), Des Moines, Iowa for plaintiff.

Hubert C. Jones (of Evans, Riley, Duncan, Jones & Hughes), Des Moines, Iowa, for defendants.

SWITZER, District Judge.

The suit in this case was commenced in the District Court of the State of Iowa in and for Clinton County by a petition at law which contains six separate and dis-

tinct counts with a prayer at the end of each such count for judgment in the sum of $27,337.34.

Briefly, Count I charges that the plaintiff W. C. Rodewald, a citizen of Iowa, is the owner of a 1½ story building in Clinton, Iowa, adjoining the property of the defendant Phillips Petroleum Company, a Delaware corporation, on which the said defendant owns and operates a gasoline filling station; that the storage tanks for the gasoline, kerosene and naptha products of the defendant were located above the ground and in the open; that on or about June 16, 1949, one of the defendant's storage tanks exploded and caught fire, spilling the flaming contents thereof upon the premises of the defendant and of the plaintiff, completely destroying the building of the plaintiff; that the negligence and carelessness of the defendant Phillip Petroleum Company was the proximate cause of the explosion and resultant damage; that the plaintiff is unable to set forth any specific acts of negligence or carelessness but relies upon his allegation of general negligence and carelessness under the rule of res ipsa loquitur. At the conclusion of this count, as stated, is a prayer for judgment against the Phillips Petroleum Company in the sum of $27,337.34.

Count II recites the material facts of Count I, but in addition thereto alleges that John T. McGauvran operated upon the said property of the Phillips Petroleum Company in Clinton, Iowa, a filling station under a written contract with that corporation, that he died on the day of the explosion, June 16, 1949, that the proximate cause of the loss and damage to the plaintiff and his property was the negligence and carelessness of the said John T. McGauvran, and alleging as in Count I that plaintiff relies upon his allegation of general negligence and carelessness under the rule of res ipsa loquitur. The prayer as stated for this Count II is for judgment in the same amount as in Count I against the administratrix of the estate of John McGauvran, which estate is being administered in Clinton County, Iowa.

Each of the following four counts recited the same material facts as above set out and pray for the same amount of damages, but lay the alleged liability against the Phillips Petroleum Company and the estate of John T. McGauvran jointly on the claim—

in Count III, that the operation of the said station and the storage by the said defendants of the gasoline, kerosene and naptha was in violation of an ordinance of the city of Clinton, Ia., and was a nuisance, which nuisance proximately caused the destruction of plaintiff's building and caused damage, as prayed against the defendants, in the said amount;

in Count IV, that the failure of the two defendants to safely store and keep on the premises the said gasoline, kerosene and naptha in conformity to the said City Ordinance made them liable for the resultant damage caused by the explosion and in the said amount;

in Count V, that by reason of the nature of the surroundings, buildings and location, the storing of such large quantities of these highly explosive substances made the two defendants here jointly and severally guilty of maintaining a nuisance and by reason of said acts the explosion occurred and the damages resulted in the amount as again prayed of $27,337.34; and

in Count VI, that the said defendants jointly and severally kept the said dangerous and explosive substances on the premises of the Phillips Petroleum Company in violation of the provisions of the statutes of the State of Iowa relating to nuisances and thus illegally exposed the property of the plaintiff to the said dangers, resulting in the destruction of plaintiff's property, for which he demands judgment against the said defendants in the same amount of $27,337.34.

The nonresident defendant duly removed the action to this court under the provisions of Section 1441(c), Title 28 U.S.C.A., on the ground that the petition had joined therein a separate and independent claim in Count I thereof which would be removable if sued upon alone.

Plaintiff's motion to remand, which we are now considering, denies that there is any such joinder and asserts that the for-

eign corporate defendant and the Iowa defendant, the administratrix, are liable to the plaintiff for their joint and concurrent negligence, as set out in the several ⁀ounts of the petition, and that there is but one claim therein alleged and the liability of the defendants cannot be separated so as to authorize the removal of this cause.

Sec. 1441(c), Title 28 U.S.C.A., provides: "Whenever a separate and independent claim or cause of action, which would be removable if sued upon alone, is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters not otherwise within its original jurisdiction."

Sec. 71, Title 28 U.S.C.A., 1946 Ed., provided: "And when in any suit mentioned in this section there shall be a controversy which is wholly between citizens of different States, and which can be fully determined as between them, then either one or more of the defendants actually interested in such controversy may remove said suit into the district court of the United States for the proper district."

■ It must be admitted that on first impression in the instant case, that the petition of the plaintiff as filed in the State court, appears vulnerable to the charge that in Count I there is set out a separate cause of action or claim against the foreign corporate defendant removable to this court. It is perhaps more apparent that viewed under the wording of the old statute, Sec. 71, Title 28 U.S.C.A., a good argument could be made that there is contained in Count I of plaintiff's petition a separable controversy, removable thereunder. Obviously, however, Sec. 1441(c), deliberately narrowed the base upon which removal could be sustained. No longer will removal by a nonresident co-defendant be permitted upon a petition which states a separable controversy, unless that petition pleads a separate and independent claim or cause of action within the jurisdiction of this court. See Reviser's Notes to Sec.

1441, Title 28 U.S.C.A.; Moore's Commentary on U.S.Jud.Code p. 237 et seq.

I am unable to find a single case on removal where the method of pleading used by the plaintiff here has been discussed. Plaintiff admitted after argument on the remand motion, that his pleading by counts with separate prayers was not good form, (41 Am.Jur. p. 366), but he maintains that though the form may be bad still his petition considered as a whole sets out a single cause of action for the alleged joint and concurrent negligence of the resident and nonresident defendants, thus forbidding removal. I am constrained to agree with this contention of the plaintiff.

■ Defendant however insists that Count I sets out a separate cause of action between the resident plaintiff and the non-resident defendant. It seems to me that by these several counts or divisions plaintiff has but expressed five different theories of his case. His pleading however must be considered as a whole and from it I can see but one cause of action as only one right has been invaded. In these counts of the petition plaintiff alleges his claim of the separate and joint liability of the defendants on a single cause of action for their acts of negligence, some of which were joint and concurrent. This method or theory of pleading is in accord with the Iowa practice and is also a substantive right of the plaintiff. Wells v. Wildin, 224 Iowa 913, 917, 277 N.W. 308, 115 A.L.R. 169; McDonald v. Robinson, 207 Iowa 1293, 224 N.W. 820, 62 A.L.R. 1419. The extra prayers for relief may be disregarded and do not prejudice the plaintiff in substance.

I have read all of the recent holdings in cases arising under the new removal statute, Sec. 1441(c), Title 28, U.S.C.A., and find that my conclusion is consistent with those rulings, even though under different facts some deny the motion to remand. Buckholt v. Dow Chemical Co., D.C., 81 F.Supp. 463 (denied, but case reversed by Bentley v. Halliburton Oil Well Cementing Co., 5 Cir., 174 F.2d 788); Butler Mfg. Co. v. Wallace & Tiernan Sales Corp., D.C., 82 F.Supp. 635 (granted); Billups

v. American Surety Co., D.C., 87 F.Supp. 894 (granted); Commander-Larabee Milling Co. v. Jones-Hettelsater Const. Co., D.C., 88 F.Supp. 476 (denied); Burns v. Caroline Power & Light Co., D.C., 88 F.Supp. 767 (denied); Harward v. General Motors Corp., D.C., 89 F.Supp. 170 (granted); Willoughby v. Sinclair Oil & Gas Co., D.C., 89 F.Supp. 994 (granted); Oldland v. Gray, 10 Cir., 179 F.2d 408, 412 (denied). I find Judge Reeves' opinion in Wesner v. Gas Service Co., D.C., 45 F.Supp. 645, quite apposite.

The motion to remand should be sustained. The Clerk will enter the following order:

This matter came on for hearing in open court at Des Moines, Iowa, on the motion of the plaintiff to remand the case; argument was had both orally and by briefs; and the court being advised;

It is Ordered that the motion of the plaintiff to remand this case to the District Court of Iowa in and for Clinton County be, and the same is, hereby sustained, and the cause be so remanded.