## SOUTHERN RAILWAY COMPANY v. MILLER.

### ERROR TO THE COURT OF APPEALS OF THE STATE OF GEORGIA.

No. 122.   Argued March 3, 1910.—Decided April 4, 1910.

For the purposes of determining the removability of a cause, the case must be deemed to be such as the plaintiff has made it, in good faith, in his pleadings; and if a plaintiff in a suit for personal injuries joined with the foreign corporation one or more of its employes residents of plaintiff's State as defendants, and the state court holds that the joinder is not improper, the cause is not separable and cannot be removed into the Federal court. *Alabama & Great Southern R. R.* v. *Thompson*, 200 U. S. 206; *Railway Co.* v. *Bohon*, 200 U. S. 221.

After a case properly removable and moved into the Federal court has been voluntarily dismissed without action on the merits, the case is again at large and plaintiff may begin it again in any court of competent jurisdiction, including the state court from which the first case was removed into the Circuit Court.

59 S. E. Rep. 1115, affirmed.

THE facts are stated in the opinion.

*Mr. John J. Strickland*, with whom *Mr. Alfred P. Thom* was on the brief, for plaintiff in error:

As to the jurisdiction: Whether or not a case is made in the state court, for removal, is a Federal question. *Gordon* v. *Longest*, 16 Pet. 97; *B. & O. Ry. Co.* v. *Koontz*, 104 U. S. 5; *Goldey* v. *Morning News*, 156 U. S. 523; *B. C. R. & N. Ry.* v. *Dunn*, 122 U. S. 517; *Traction Co.* v. *Mining Co.*, 196 U. S. 245; *Kansas City R. R.* v. *Daugherty*, 138 U. S. 298; *Stone* v. *South Carolina*, 117 U. S. 430.

Though a case go to the state court of review a second time, the question will be passed on when carried to this court, if properly preserved. *Stanley* v. *Schwally*, 162 U. S. 255; *Re Blake*, 175 U. S. 118.

Whether or not the state court has jurisdiction to try a

case once removed into the Circuit Court of the United States and again sued in the state court, is a Federal question. *Kern* v. *Huidekoper*, 103 U. S. 485; *National S. Co.* v. *Tugman*, 106 U. S. 118.

The fact that the party, after removal, has contested the case in the state court does not, after judgment against him, constitute a waiver as to jurisdiction. *Kern* v. *Huidekoper*, 103 U. S. 485; *National S. Co.* v. *Tugman*, 106 U. S. 118; *Goldey* v. *Morning News*, 156 U. S. 517.

The petition filed by plaintiff in the Court of Hall County, made a separable controversy on its face and was removable.

A joint action cannot be sustained against the master and the servant where the master is sought to be held liable solely for the acts of the servant without the concurrence of the master. *Warax* v. *Railroad Co.*, 72 Fed. Rep. 637; *Hakill* v. *Railroad Co.*, 72 Fed. Rep. 745; *Beuttel* v. *Railroad Co.*, 26 Fed. Rep. 50; *Ferguson* v. *Railroad Co.*, 63 Fed. Rep. 177; *Hartshorn* v. *Railroad Co.*, 77 Fed. Rep. 9; *Helms* v. *N. P. Ry.*, 105 Fed. Rep. 449; *Ala. So. Ry. Co.* v. *Thompson*, 200 U. S. 206; *Charman* v. *Railway Co.*, 105 Fed. Rep. 449; *Riser* v. *Railway Co.*, 116 Fed. Rep. 215.

The acts of negligence charged in plaintiff's petition, against defendants who were servants of the railway company, and the co-employés of plaintiff, were acts of nonfeasance, only, and for such acts the master only is liable to the injured party; the servants being in turn liable to the master. Blackstone, 430; 1 Am. & Eng. Ency. of Law, 2d ed., 1131; 20 Am. & Eng. Ency. of Law, 2d ed., 52; *Brice* v. *Southern Ry. Co.*, 125 Fed. Rep. 959; Code of Georgia, 1895, §§ 3029, 3817, 3915, 4940, 5872, 2321; *Kimbrough* v. *Boswell*, 119 Georgia, 203; *Reid* v. *Humber*, 49 Georgia, 208; *McCalla* v. *Shaw*, 72 Georgia, 458; *Hay* v. *Collins*, 118 Georgia, 248; *Cox* v. *Strickland*, 120 Georgia, 104; *Burch* v. *Caden Stone Co.*, 93 Fed. Rep. 181; *Shaffer* v. *Union Brick Co.*, 128 Fed. Rep. 97; *Campbell* v. *So. Ry. Co.*, 16 Am. Rep. 512; *Cent. of Georgia Ry.* v. *Brown*, 113 Georgia, 414; Pomroy on Code Remedies,

§ 307; *Cromwell* v. *County of Sac*, 94 U. S. 352; *So. Ry. Co.* v. *Grizzle*, 124 Georgia, 735.

The suit against the Southern Railway was based upon a statutory cause of action and the suit against the other defendants was based upon a common-law right, if any right. The two separate causes of action were blended in one count and thus made a separable controversy. *Helms* v. *N. P. Ry.*, 120 Fed. Rep. 389; *Lavelle* v. *Ry. Co.*, 40 Minnesota, 249; *Johnson* v. *Railroad Co.*, 43 Minnesota, 222; *Beuttel* v. *Railroad Co.*, 26 Fed. Rep. 50; *Ala. So. Ry. Co.* v. *Thompson*, 200 U. S. 206; *Gustafson* v. *Railway Co.*, 128 Fed. Rep. 85; *Atlantic Coast Line* v. *Bailey*, 151 Fed. Rep. 891; *Railroad Co.* v. *Stepp*, 151 Fed. Rep. 909; *N. E. R. R. Co.* v. *Conroy*, 175 U. S. 323; *James* v. *Kelley*, 107 Georgia, 452; *Railroad Co.* v. *Dixon*, 179 U. S. 131; *West & At. R. R. Co.* v. *Exposition Mills*, 83 Georgia, 441; *Charleston & W. C. Ry. Co.* v. *Miller*, 113 Georgia, 15; *Cavanaugh* v. *So. Ry. Co.*, 120 Georgia, 67; *McDormant* v. *Hannibal & St. Joseph R. R. Co.*, 87 Missouri, 286; *Addecker* v. *Schrubbee*, 45 Iowa, 315.

Eliminating from the petition all the paragraphs that refer to defendants other than the railroad company the petition still made on its face a case authorizing a recovery against the railway company and the same was therefore removable.

When the case was sued in Hall Superior Court, and removed into the Circuit Court, the cause of action as well as the case was removed and the plaintiff could not, by any act of his again bestow jurisdiction upon the state court. *Kern* v. *Huidekoper*, 103 U. S. 485; *Nat. S. Co.* v. *Tugman*, 106 U. S. 118; *Gordon* v. *Longest*, 16 Pet. 97; *Goldey* v. *Morning News*, 156 U. S. 523; *McIver* v. *F. C. & P. R. R.*, 110 Georgia, 223; *Webb* v. *Sou. Cotton Oil Co.*, 131 Georgia, 682.

*Mr. Reuben R. Arnold*, with whom *Mr. Reuben Arnold* was on the brief, for defendant in error:

The suit was a joint one and could not be removed. *Rail-*

way Co. v. Dickson, 179 U. S. 131; Powers v. Railroad Co., 169 U. S. 92; Railroad Co. v. Wangelin, 132 U. S. 599.

If the plaintiff elects to bring a joint action, the defendant has no right to say that the action shall be severable. Railroad Co. v. Ide, 114 U. S. 52; and this is so even though the plaintiff has misconceived his cause of action and has no right to prosecute the same jointly. Railroad Co. v. Thompson, 200 U. S. 206; Railway Co. v. Bohon, 200 U. S. 221.

But this action is well brought jointly against the defendants. Georgia having a statute which makes a railroad responsible to one employé for the negligence of a fellow-servant, the negligent servant is liable to his fellow-servants for injuries inflicted by such negligent servant. See Morrison v. Railroad Co., 74 Pac. Rep. (Wash.) 1064; Howe v. Railroad Co., 30 Washington, 569; Abel v. Railroad Co., 73 S. C. 173; Warrax v. Railroad Co., 72 Fed. Rep. 637; Railroad Co. v. Dickson, 179 U. S. 131.

The point in the brief for plaintiffs in error that the acts of negligence charged against the employé defendants were acts of non-feasance merely, and that for such acts only the master is liable,—is untenable in negligence cases. Railway Co. v. Grizzle, 124 Georgia, 735; Osborn v. Morgan, 130 Massachusetts, 102; Bell v. Josselyn, 3 Gray, 309.

It was for the state court to decide whether it would permit persons to be joined who were guilty of misfeasance or nonfeasance. No Federal question is raised in this particular.

After dismissal in United States court, case can be brought over again in state court.

Upon the voluntary dismissal of a suit in the United States court, the jurisdiction of the United States court is ended; it no longer has control over the cause of action, as its control over the cause of action only lasted while the case was actually pending. When the case is dismissed the jurisdiction of the United States court is wholly divested and the plaintiff is just as free to bring his suit over again as he was when it was originally filed in the state court. See Young v. Southern Bell

*Co.,* 55 S. E. Rep. 765; *Gossman* v. *Jarvis,* 100 Fed. Rep. 146; *Texas Cotton' Products Co.* v. *Starnes,* 128 Fed. Rep. 183, affirmed, 133 Fed. Rep. 1022; *McIver* v. *Florida &c. Ry. Co.;* 110 Georgia, 223; *C.; C. C. & St. L. R. R. Co.* v. *Reese,* 93 Ill. App. 467; *Cleveland, C. C. & St. L. R. R. Co.* v. *Lawler,* 94 Ill. App. 36; *Foley* v. *Cudahy Packing Co.,* 119 Iowa, 246; *Rodman* v. *Missouri P. R. Co.,* 65 Kansas, 645; *Swift & Co.* v. *Hoblawetz,* 10 Kan. App. 48; *Adams Exp. Co.* v. *Schofield,* 111 Kentucky, 832; *Stephenson* v. *Ill. C. R. Co.,* 117 Kentucky, 855; *DeWitt* v. *Chesapeake & O. R. Co.,* 25 Ky. L. Rep. 2019; *Nipp* v. *Chesapeake & O. R. Co.,* 25 Ky. L. Rep. 2335; *Dana & Co.* v. *Blackburn,* 28 Ky. L. Rep. 695; *Krueger* v. *Chicago & A. R. Co.,* 84 Mo. App. 358; *Fox* v. *Jacob Dold Packing Co.,* 96 Mo. App. 173; *Fleming* v. *Southern R. Co.,* 128 N. C. 80; *Hooper* v. *Atlanta, K. & N. R. Co.,* 106 Tennessee, 28; *Illinois Central R. Co.* v. *Bentz,* 108 Tennessee, 670; *Texas & P. R. Co.* v. *Maddox,* 26 Tex. Civ. App. 297. See also *Bush* v. *Kentucky,* 107 U. S. 110.

The cases cited by plaintiff in error only go to the extent of holding that when a defendant removes a case from a state court to a Federal court, so long as that case is pending in the Federal court, the jurisdiction of the state court is completely ousted. See *McIver* v. *Railroad Co.,* 110 Georgia, 223, distinguished.

The only case sustaining contentions of plaintiff in error, is *Railroad Co.* v. *Fulton,* 59 Ohio St. 575, which was based upon a mistaken interpretation of the case of *Cox* v. *Railroad Co.,* 68 Georgia, 446. See *McIver Case,* 110 Georgia, 223; and the *Young Case,* 55 S. E. Rep. 765; note to 7 L. R. A. (N. S.) 501.

MR. JUSTICE DAY delivered the opinion of the court.

The defendant in error, plaintiff below, brought suit in the City Court of Hall County, Georgia, against the Southern Railway Company, a corporation of Virginia, and certain individual citizens of Georgia, to recover damages for personal in-

juries received by him while in the employ of the railroad company as an engineer. A recovery in the court of original jurisdiction was affirmed in the Court of Appeals of Georgia (59 S. E. Rep. 1115), and the case is brought here to review certain Federal questions presented by the record. These are, first, that the state court erred in refusing to remove the case to the United States Circuit Court upon the petition of the plaintiff in error; second, as it appeared that the case had once been removed to the Federal court and was dismissed by the plaintiff, the state court should have held that the right to further prosecute in that court was lost, and the jurisdiction completely and finally transferred to the Federal court.

In order to determine these questions it is necessary to state how the case arose. Originally this suit was brought against the Southern Railway Company alone, to recover damages for injuries charged to have been inflicted, because the train upon which the plaintiff was engineer was permitted to run from the main track through an open switch on to a siding where another train was standing, when, by reason of the rules and regulations of the company in the circumstances set forth, plaintiff's train had the right of way upon the track, and, because the switch was turned the wrong way, plaintiff's train was thrown into the siding upon which the other train was standing, and in order to avoid more serious injury plaintiff jumped from his engine, and was greatly injured.

The first suit, being against the Southern Railway Company alone, was removed to the United States Circuit Court, the transcript of record was duly filed, and the company answered. Thereafter the plaintiff voluntarily dismissed the case, and later began the present case against the Southern Railway Company for the same injury and joined Cox, Voil and Hurst as parties defendant. These parties were, respectively, the conductor of the train with which plaintiff's train collided, the engineer and front brakeman of said train. The negligence charged was that the brakeman negligently failed to turn the switch back to the main line after his train went into the sid-

ing; that Cox, the conductor, was in control and management
of the train, and under the duty of seeing that the switch was
turned to the main line; and that Voil, the engineer, after he
got his engine into the siding with the exercise of ordinary care
should have known that the switch was turned wrong, and
yet failed to take any steps to report the situation or to have
it remedied. It was further alleged that the individual de-
fendants, in causing the switch to be unlocked and turned
from the main line, were guilty of negligence, which was the
negligence of the railroad company, inasmuch as they repre-
sented the company in the operation of the train which collided
with the plaintiff's train. It is also alleged that the individual
defendants should have flagged the plaintiff's train if for any
reason the switch remained turned to the side track.

The petition for removal contained no charge that the at-
tempt to join the defendants was for the purpose of fraudu-
lently avoiding the jurisdiction of the United States court, or
with a view to defeat a removal thereto. The case here pre-
sented is one in which the record discloses there was an at-
tempt to join, in good faith, the railway company and the
individual defendants as for a joint liability in tort.

Under the practice in Georgia the case went to the Court of
Appeals of that State on the question of the right to remove
the case to the Federal court. The decision of the Court of
Appeals upon that question is reported in 1 Ga. App. 616; 57
S. E. Rep. 1020. In that case the court dealt with the right
under the law of Georgia to join the individual defendants
with the railroad company, and held that the objections to
joinder were untenable, and that there was no separable con-
troversy, either at common law or under the statutes of
Georgia. In an opinion by the chief judge it was held that the
acts of negligence charged against the individual defendants
involved both acts of omission and commission, and were not
merely matters of non-feasance, for which the agents would
not be jointly liable with the principal. The court further held
that the objection that the liability of the railroad company

was statutory and that of the other defendants at common law made no difference in the right to join the defendants, and that, under the statute law of Georgia, the acts of negligence set out in the declaration against the individual defendants may have amounted to criminal negligence, in which event both the railroad company and the individual defendants were jointly liable to the plaintiff under the law of the State. In view of the conclusions which the learned court reached it further held that the case was ruled by *Alabama & Great Southern R. R. Co.* v. *Thompson*, 200 U. S. 206. We agree with that conclusion. In that case it was held that, for the purposes of determining the removability of a cause the case must be deemed to be such as the plaintiff has made it in good faith in his pleadings. See also *Railway Co.* v. *Bohon*, 200 U. S. 221. There was no error in the refusal to remove the case.

A further objection is made that inasmuch as the suit was once removed from the state court to the Federal court and therein dismissed, there was no right to begin the case again in the state court. This argument is predicated upon the statement in a number of cases in this court, to the effect that where the petition for removal and bond has been filed the state court loses jurisdiction of the case, and subsequent proceedings therein are void and of no effect. But this is far from holding that a Federal court obtains jurisdiction of a suit thus removed in such wise that it can never again be brought in a state court, although there has been no judgment upon the merits in the Federal court, and the case has been dismissed therein without any other disposition than is involved in a voluntary dismissal with the consent of the court.

While it is true that a compliance with the act of Congress entitling the party to remove the case may operate to end the jurisdiction of the state court, notwithstanding it refuses to allow such removal, it by no means follows that the state court may not acquire jurisdiction in some proper way of the same cause of action after the case has been dismissed without final judgment in a Federal court. By complying with the removal

act the state court lost its jurisdiction, and upon the filing of the record in the Federal court that court acquired jurisdiction. It thereby had the authority to hear, determine and render a judgment in that case to the exclusion of every other court. But where the court permitted a dismissal of the action by the plaintiff it thereby lost the jurisdiction which it had thus acquired.

We know of no principle which would permit the Federal court under such circumstances, and after the dismissal of the suit, to continue its jurisdiction over the case in such wise that no other court could ever entertain it. After the voluntary dismissal in the Federal court the case was again at large, and the plaintiff was at liberty to begin it again in any court of competent jurisdiction.

We find no error in the judgment of the Court of Appeals of Georgia, and the same is affirmed.

*Affirmed.*