## VEARIEL v. UNITED ENGINEERING & FOUNDRY CO.

(District Court, N. D. Ohio, E. D.   March 27, 1912.)

### No. 8,190.

REMOVAL OF CAUSES (§ 49*)—SEPARABLE CONTROVERSIES—MASTER AND SERV-
ANT.

> Since an action cannot be maintained in Ohio against an employer and
> employé jointly for negligence of the employé, based on the doctrine of
> respondeat superior, an action by a citizen of that state against two de-
> fendants, an employer and employé, the employé, but not the employer,
> being a citizen, based on such negligence, involves a separable contro-
> versy, which the employer is entitled to remove to a federal court.
>
> [Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. §§ 95–
> 99; Dec. Dig. § 49.*
>
> Separable controversy as ground for removal of cause, see notes to
> Robbins v. Ellenbogen, 18 C. C. A. 86; Mecke v. Valleytown Mineral Co.,
> 35 C. C. A. 155; Pollitz v. Wabash R. Co., 100 C. C. A. 4.]

At Law.   Action by Thomas Veariel against the United Engineer-
ing & Foundry Company.   On motion by plaintiff to remand the cause
to a state court.   Motion overruled.

W. S. Anderson & Son and E. H. Moore, both of Youngstown,
Ohio, for plaintiff.

Hine, Kennedy & Manchester, of Youngstown, Ohio, for defendant.

DAY, District Judge.   This matter arises on motion to remand by
the plaintiff.   This motion asks this court to remand this case to the
court of common pleas.   The sole reason relied upon, although others
are expressed in the motion, is this: That the action is brought and
is pending against two defendants jointly upon a joint cause of ac-
tion, and one of them is a resident and citizen of Mahoning county,
Ohio, and the controversy is not separable, as appears from the face
of the petition, and that said cause was improperly removed into this
court.

It appears that the United Engineering & Foundry Company is a
citizen and resident of the state of Pennsylvania, and that Clyde Mor-
ris is a citizen of Mahoning county, Ohio, and that the plaintiff is
a citizen and resident of the state of Ohio; that the action was com-
menced in the common pleas court of Mahoning county by the plaintiff
against the United Engineering & Foundry Company alone, on the
29th day of May, 1908.

This case was removed to the Circuit Court of the United States
for the Eastern Division of the Northern District of Ohio in April,
1911.   The same was voluntarily dismissed by the plaintiff.   Where-
upon the present action was immediately brought in the common pleas
court of Mahoning county, and subsequently removed by the United
Engineering & Foundry Company.   The petition for removal recites
the fact that the joinder of the defendant Clyde Morris as a party
defendant was made merely for the purpose of defeating petitioner's
right of removal, and that no cause of action exists as against him.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Questions of removal have been very frequently considered by the Supreme Court of the United States in a number of recent decisions. The latest one is the case of Southern Railroad Co. v. Miller, 217 U. S. 209, 30 Sup. Ct. 450, 54 L. Ed. 732. That case establishes the doctrine that, for the purpose of determining the removability of a cause, the case must be deemed to be such as the plaintiff has made it in good faith in his pleadings. Now it appears from an examination of the transcript that, when the case was filed in the common pleas court of Mahoning county, it was demurred to by the United Engineering & Foundry Company on the ground and for the reason that there was a misjoinder of parties defendant. For some reason or other this demurrer was never passed upon by the state court.

Now, if, under the law of Ohio, this joinder of parties defendant is proper, then this case is not separable, and cannot be removed into the federal court. It naturally follows that if, under the law of Ohio, the joinder of parties defendant is improper, then this cause of action contained in the petition is separable, and in so far as the United Engineering & Foundry Company is concerned can be removed to this federal court.

It appears to me from an examination of the petition that the plaintiff endeavors to maintain an action jointly against the master and servant for the wrongful and negligent act of the servant, and that the master's liability arises for such wrongful and negligent act of the servant solely from the relationship between them under the doctrine of respondeat superior. Inasmuch as the Supreme Court of the state of Ohio has decided in the case of French, Administrator, v. Central Construction Co. et al., 76 Ohio St. 509, 81 N. E. 751, 12 L. R. A. (N. S.) 669, that such an action cannot be maintained, it is apparent to me that the joinder of parties defendant was improper. And this appears from the face of the pleadings and from the case as the plaintiff states in his petition.

Taking this view of the situation, the motion to remand will be overruled.