**EARNHART v. TURMAN OIL CO. et al.**

No. 2649.

District Court, N. D. Oklahoma.

May 13, 1938.

Hamilton & Clendinning, of Tulsa, Okl., for plaintiff.

Conard E. Cooper and Harry Brelsford, both of Tulsa, Okl., for defendants.

. FRANKLIN E. KENNAMER, District Judge.

This action was instituted by the plaintiff, Rosa Earnhart, against the defendants, Turman Oil Company, a corporation, Midstates Oil Company, a corporation, and Elmer Rape, defendants, to recover damages alleged to have been sustained by the plaintiff in an automobile accident. The plaintiff's petition charges the defendants with negligence in the operation of an automobile driven by the defendant Rape as the agent, servant and employee of the corporation defendants. The Midstates Oil Company is the successor corporation of the Turman Oil Company. The corporations are foreign corporations and remove the case to this court. The motion to remand is before the court for decision.

The right to remove this case is based solely upon the contention that plaintiff's petition shows a separable controversy as to the defendant foreign corporation. The plaintiff has brought a joint action against the corporation and its resident servant because of alleged negligence on the part of the servant. The removing defendant asserts that its liability under plaintiff's allegations exists only by reason of the doctrine of respondeat superior and the liability of the servant rests upon a different ground, namely, acts of negligence committed by the servant personally, and therefore the controversies are two and separable.

Some support for this argument is found in federal cases decided prior to the decision of Alabama Great Southern R. Co. v. Thompson, 200 U.S. 206, 26 S.Ct. 161, 50 L.Ed. 441, 4 Ann.Cas. 1147. In the note to said case as reported in 4 Ann.Cas. loc. cit 1151, it is stated:

"In several cases it has been held that when a master is made liable for the negligence or wrongful act of his servant solely upon the ground of the relationship existing between them and the application of the doctrine of respondeat superior, and not by reason of any personal participation in the negligence or wrongful act, he is liable severally and not jointly with his servant, and that as a logical sequence of this rule, if the master and servant be joined as codefendants in an action to recover damages for the consequences of such an act, the complaint or declaration shows affirmatively that there is no joint liability, and therefore, if either defendant is a non-resident, he is entitled to a removal on the ground that there is a separable controversy between him and the plaintiff. * * * (Citing cases) * * *

"In the reported case, however, these cases are in effect overruled, and the rule is laid down that if the plaintiff brings a joint action against a non resident master and his resident servant to recover damages for such servant's negligence or wrongful act, the master is not entitled to a removal on the ground that there is a separable controversy as to him, notwithstanding the fact that his liability is based solely upon the doctrine of respondeat superior * * *. The basis of this decision is that the separable controversy must appear from the complaint, that the complaint in such a case alleges a joint cause of action, and that the improper joinder of causes of action, though it may defeat the action after the filing of the answers, cannot convert what purports to be a joint action into a separable controversy for the purpose of removal.

"The reported case is the first one in which the precise point has been passed upon by the Supreme Court."

To the same effect is Southern R. Co. v. Miller, 217 U.S. 209, 30 S.Ct. 450, 54 L.Ed. 732.

The Eighth Circuit, while Oklahoma was a part thereof, cited the above cases with approval in Hamilton v. Empire Gas & Fuel Co., 297 F. 422, loc. cit. 427, 428, saying:

"We are of opinion that this cause of action is well stated against the de-

fendant company in tort in the present complaint. Further, if the individual defendants were guilty of negligence in the operation of the wells, as alleged, a cause of action would arise against them for their negligent management. This would be a cause of action in tort against the individual defendants. The cause of action against the defendant company and the cause of action against the resident individual defendants might be sued upon separately against each, or jointly against all, and this is so although there was no negligence on the part of the defendant company except the acts of its servants, the individual defendants. Furthermore, such joint cause of action, if standing alone, would not be removable. These propositions are well settled. * * *

"It is for the state court to decide whether a master and servant may be sued jointly for the negligent acts of the servant. C., R. I. & P. Ry. v. Dowell, supra [229 U.S. 102, 33 S.Ct. 684, 57 L.Ed. 1090]; Alabama Great Southern Ry. v. Thompson, supra; Illinois Central R. R. v. Sheegog, supra [215 U.S. 308, 30 S.Ct. 101, 54 L.Ed. 208]; Southern Ry. v. Miller, supra; Ches. & Ohio Ry. v. Dixon, supra [179 U.S. 131, 21 S.Ct. 67, 45 L.Ed. 121]. The Supreme Court of Kansas has held such joinder admissible. Dowell v. C. R. I. & P. Ry., 83 Kan. 562, 112 P. 136, affirmed 229 U.S. 102, 33 S.Ct. 684, 57 L.Ed. 1090."

The rule is well established that the separable character of the controversy must be determined by the state law. Chesapeake & Ohio Ry. Co. v. Cockrell, 232 U.S. 146, 34 S.Ct. 278, 58 L.Ed. 544; Chicago, R. I. & P. Ry. Co. v. Schwyhart, 227 U.S. 184, 33 S.Ct. 250, 57 L.Ed. 473; Chicago, R. I. & P. Ry. Co. v. Whiteaker, 239 U.S. 421, 36 S.Ct. 152, 60 L.Ed. 360.

I am of the opinion that the case of Coalgate Co. et al. v. Bross, 25 Okl. 244, 107 P. 425, 138 Am.St.Rep. 915, is sound authority for the rule that under the Oklahoma Constitution and laws that an action such as the one under consideration is a joint action. I have no hesitancy if there were no controlling authorities in reaching the conclusion that where an agent acting within the scope of his duties commits an act or acts that result in injury that an action against the agent and principal is a joint action. This for the reason the principal is liable for the acts of his agent under such conditions, and that, the act of the agent being binding upon his principal, no good reason may be advanced why a joint action should not be maintained against the principal and the agent.

Under the above authorities, it is clear that the motion to remand must be sustained.