## DUFFY v. DUFFY et al.
### Civ. No. 1-54.

United States District Court
S. D. Iowa, Central Division.
March 17, 1950.

Lehan T. Ryan, Des Moines, Iowa, for plaintiff.

John P. Harper (of Brody, Charlton, Parker & Roberts), Des Moines, Iowa, for defendant.

SWITZER, District Judge.

Plaintiff presents a motion to remand this suit to the District Court of Iowa in and for Polk County, from whence it was heretofore removed to this court upon the petition of the defendant, United States Rubber Company, a New Jersey corporation, which

will be hereinafter referred to as the "U. S. Rubber Company."

The defendant, Duffy Tire Company, is an Iowa corporation with its principal place of business in Des Moines, Polk County, Iowa, and the defendant Louis M. Duffy is a natural person, resident of Des Moines, Polk County, Iowa.

The presence of an action involving the jurisdictional amount is granted; the contention in the motion to remand being that this is an action against joint tortfeasors, some of whom are residents, and some non-residents, of Iowa; that the defendants are jointly liable and that there is no separable controversy as to the defendant U. S. Rubber Company.

The applicable statute is Title 28 U.S.C.A. § 1441(c), which provides: "Whenever a separate and independent claim or cause of action, which would be removable if sued upon alone, is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters not otherwise within its original jurisdiction."

█ It is fundamental that in the absence of a fraudulent joinder the existence of a separable controversy within the language of the statute is to be determined from the complaint (here petition), when the petition for removal is filed; and that the nature of the controversy arises under the pleadings and the right to allege a joint, and therefore non-separable, controversy is to be determined by the law of the State in which the pleading is filed. Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, 114 A.L.R. 1487; Southern R. Co. v. Miller, 217 U.S. 209, 30 S.Ct. 450, 54 L.Ed. 732; Chicago, R. I. & P. R. Co. v. Schwyhart, 227 U.S. 184, 33 S.Ct. 250, 57 L.Ed. 473; McAllister v. Chesapeake & O. R. Co., 243 U.S. 302, 37 S.Ct. 274, 61 L.Ed. 735. There is no element of fraudulent joinder here.

█ It is fundamental that in this State a party plaintiff may, if he properly couches the language in his pleadings, bring an action sounding in tort against two or more defendants jointly or severally and the sole test is whether from a fair construction of the petition it can be found that the pleader has made an election as to which type of action was intended. This conclusion is likewise true of causes of action based upon contract or the breach thereof. McDonald v. Robinson, 207 Iowa 1293, 224 N.W. 820, 62 A.L.R. 1419. It has also been universally held that whether a given cause of action might have been predicated upon breach of contract but rather sounded in tort is not material, but that the plaintiff's right to elect the nature of the cause pleaded is optional, as was stated by the court in Hennock v. Silver, D.C., 34 F.Supp. 894, at page 897: "For the purposes of the present motion the allegations of the bill of complaint must be taken at their face value. 'The cause of action is the subject-matter of the controversy, and that is, for all the purposes of the suit, whatever the plaintiff declares it to be in his pleadings'. Louisville & N. R. Co. v. Ide, 114 U.S. 52, 56, 5 S.Ct. 735, 737, 29 L.Ed. 63. (and additional authorities). Even if plaintiff might have pleaded a cause of action against the Massachusetts defendants for damages based on a breach of contract, she did not choose to do so, but has pleaded a claim based on a tort, the alleged participation of all four defendants in a common scheme to defraud the plaintiff out of her share of the proceeds, benefits and considerations received by the Massachusetts defendants from the bankers."

█ It also seems settled that even though a plaintiff might have brought his suit against defendants separately he may do so jointly and this fact is no test as to the separability of the causes of action. Hay v. May Department Stores Co., 271 U.S. 318, 321, 46 S.Ct. 498, 499, 70 L.Ed. 965: "It is well settled by the decisions of this court, that an action brought in a State court against two defendants jointly, in which the plaintiff states a case of joint liability arising out of the concurrent negligence of the defendants, does not present a separable controversy authorizing the removal of the cause to a Federal court, even though the plaintiff might

have sued the defendants separately; the allegations of the complaint being decisive as to the nature of the controversy in the absence of a showing that one of the defendants was fraudulently joined for the purpose of preventing the removal."

See Bolstad v. Central Surety & Ins. Corp., 8 Cir., 168 F.2d 927.

██ I must likewise conclude as did the defendant, U. S. Rubber Company, in its brief and argument, filed herein, that the petition of the plaintiff should be construed for the purposes of this motion in the light most favorable to the pleader. At least, the allegations of the petition must be taken at their face value and, unless the contrary clearly appears, this court must follow the often repeated rule laid down in Torrence v. Shedd, 144 U.S. 527, 12 S.Ct. 726, 727, 36 L.Ed. 528, wherein the court on discussing this subject, said: "The cause of action is the subject-matter of the controversy, and that is for all the purposes of the suit, whatever the plaintiff declares it to be in his pleadings."

Again, in DeVan v. Tobacco Products Corp., D.C., 19 F.Supp. 714, 716, the court said: "For the purposes of the present motion (to remand) the allegations of the bill of complaint must be taken at their face value."

Reading through the entire petition and amendment thereto of the plaintiff here and taking it as a whole, the theory upon which it was drawn becomes apparent, namely, that there was a joint participation by all of the defendants named in a common scheme, each of the defendants are alleged to be the actors, all having separate entities, and together in concert they are alleged to have worked to a common unlawful purpose, and that the fruits from such joint participation and common scheme were unlawfully participated in by U. S. Rubber Company and Louis M. Duffy. And it is not material that the acts of each of the defendants were separate and distinguishable one from the other, but rather it is sufficient if such independent acts, when taken together, constitute a legal wrong. Saunders v. Wells, 135 Iowa 11, 112 N.W. 205.

The petition here alleges in substance that plaintiff was the owner of 24 per cent of the common stock of the Duffy Tire Company. That the defendant U. S. Rubber Company sold tires to Duffy Tire Company for many years on open account; that it was and is a heavy creditor of the said Duffy Tire Company; that during the latter part of January 1947, certain employees, officers and agents of the U. S. Rubber Company represented and stated orally to plaintiff that they had investigated the assets of the Duffy Tire Company, had procured an audit upon said company, that they were appraised of its financial condition, that if the plaintiff would permit Duffy Tire Company to be liquidated, there would remain, after payment of the debts, not less than $65,000 for distribution to the stockholders, and that plaintiff would be paid within one year 24 per cent of that sum; that these representations were likewise made to the plaintiff by Louis M. Duffy, individually, and on behalf of the defendant, Duffy Tire Company; also, that if plaintiff would not concur in the arrangement, defendants Louis M. Duffy and Duffy Tire Company would see to it that the plaintiff would not receive one cent from the assets of the said Duffy Tire Company; that the defendants and each of them entered into a common scheme and conspiracy before obtaining any agreement from the plaintiff with reference to the expressed liquidation to "siphon off" all money and assets of the Duffy Tire Company to Louis M. Duffy and U. S. Rubber Company; that the said defendants and each of them did then and there know that said representations were false and were made with the intent to deceive the plaintiff and deprive him of his share of the corporation assets to the benefit of the said defendants and each of them. That in reliance upon the representations made to him by each and all of the said defendants, plaintiff did agree to permit the liquidation of the Duffy Tire Company, which he alleges he would not have done had it not been for the said representations so made to him; that after said agreement had been obtained from him the defendants and each of them did "siphon off" all money and

assets of the said Duffy Tire Company, paying said assets to themselves and each of them; that Duffy Tire Company is now insolvent and that plaintiff has received nothing; and that the defendants and each of them in making said false representations and in dissipating the assets of the corporation to their benefit acted jointly and in concert and that the individual statements made to this plaintiff were all part of a preconceived scheme between them.

Without attempting to resort to a correct legal definition of the words "siphon off" as are used in the petition here, it seems abundantly clear that the intendment of the pleader was to show a "taking", with no legal right so to do, of the corporation assets by the defendants acting in concert to their mutual benefit.

The statement made by the court in Johnson v. Marsh, D.C., 49 F.Supp. 137, seems to me equally appropriate to the situation here. Speaking, 49 F.Supp. at page 139, the court said: "This is not the time, nor, unless and until jurisdiction is retained, is this the place for the consideration of infirmities in the pleading of the plaintiffs, or even whether it adequately states a cause of action under the state law, or under the federal rules a claim upon which relief may be granted, against the removing defendant. Broadway Ins. Co. v. Chicago, G. W. R. Co., C.C., 101 F. 507."

It is sufficient for the purposes of the court's inquiry here for the court to determine from a reading of the entire petition whether a joint or separable controversy is alleged. It should be noted that the petition alleges that "They" (meaning all of the defendants) conspired to and did "siphon off" to "Their Use" the assets of the Duffy Tire Company. A community of interest among the individual defendants is alleged and the grounds are stated by which each could be held for any profit from the nefarious scheme, made by the others, if any such scheme there was.

Defendant, U. S. Rubber Company, strongly urges that the allegations of the petition taken as a whole merely constitute a stockholder's derivative suit; that the action is in the nature of an accounting and that recovery, if any, would be not to the plaintiff individually but to the plaintiff for the benefit of the Duffy Tire Company. I cannot subscribe to this point of view. The plaintiff might have couched his action in such language and the prayer might have demanded an accounting; but in fact it did not. A money judgment for and on behalf of the plaintiff individually is sought.

The cases cited by the defendant in support of its position seem to me clearly distinguishable. In the case of Langdon v. Fogg, C.C., 18 F. 5, 8, the relief sought was in the nature of an accounting to the corporation of which plaintiff was interested as a stockholder. An arrangement was made by the plaintiff with five trustees of the corporation by which all of the corporate stock of the corporation would be delivered to the plaintiff in exchange for certain land, and that the corporation would then take back from Sanders the same stock upon payment to him of a stipulated sum, and through this device to represent to the public that the stock was fully paid stock. Concerning this the court said:

"If this was in fact that substance of the transaction, it was, of course, a sham and a cheat, and any person actually misled as to the facts, and induced by such frauds to buy stock, believing that $10,000,000 had been put into the company in cash, or its equivalent in mining property of that actual market cash value, may doubtless have his legal action for damages for false representations. *No such claim, however, is made in this suit.* * * * (Emphasis by court.)

"Waiving this objection, however, as the stock is not alleged to have been taken or sold for the joint use or profit of the five individual defendants, each defendant can only be held liable to account (if such a transaction is capable of ratification so as to sustain any action for such an account) for what stock he caused to be sold, and the profit he individually made upon it. *No community of interest among the individual defendants is alleged, and no ground is stated upon which either one could be held accountable for any profits made by the others.* * * *" (Emphasis by court.)

Again, in Sewell v. J. E. Crosbie, Inc., 5 Cir., 127 F.2d 599, a case wherein the plaintiff charged a conspiracy by certain

defendants to breach a contract to his damage, it is noted that certain of the defendants were not parties to the contract involved and as such the allegation of the conspiracy could not in and of itself prevent a conclusion by the court that the causes of action against the respective defendants, i. e., those who were parties to the contract and those who were not, were separable.

I must conclude that the petition in the instant case sounds in tort, that if any cause of action is pleaded, it is but one, and that the liability, if any, of each and all of the defendants is joint and therefore not separable. The motion of the plaintiff therefore should be granted and the case remanded to the District Court of Iowa in and for Polk County.