### DORAN v. ELGIN COOPERATIVE CREDIT ASS'N et al.
#### Civ. No. 218.

United States District Court
D. Nebraska, Norfolk Division.
Dec. 29, 1950.

T. W. Lanigan, of Grand Island, Neb. and Harold Rice, of Neligh, Neb., for plaintiff.

Russell W. Bartels, of South Sioux City, Neb., for defendant Elgin Cooperative Credit Ass'n.

W. G. Whitford, of Neligh, Neb., for defendant Ross Martin.

G. L. De Lacy (Kennedy, Holland, De Lacy & Svoboda), of Omaha, Neb., for defendant American Employers Ins. Co.

DELEHANT, District Judge.

The defendant, Elgin Cooperative Credit Association, moves to remand this case to the District Court of Antelope County, Nebraska, from which its removal to this court was effected by the defendant American Employers Insurance Company. They will be designated briefly as the Association and the Company respectively.

The plaintiff, a citizen of Nebraska, filed this action in the state court against all of the defendants asking for an accounting in respect of his several transactions with the Association, a determination of the amount due him as established by such accounting, and a judgment against the defendants "jointly and severally" for such amount, and for relief in sundry other respects. More than $3,000.00, exclusive of interest and costs, is unquestionably involved. The Association is a Nebraska corporation, organized under Chapter 21, Article 13, subdivision (b), R.S.Neb.1943, and engaged in the banking business (with the limitations provided by the law of Nebraska, Section 21-1308 et seq., R.S.Neb. 1943, in respect of such institutions) at Elgin, Nebraska. Martin is a citizen of Nebraska and allegedly the Association's former managing officer. The Company is a Massachusetts corporation authorized to do business as an insurer in Nebraska.

Briefly stated, the plaintiff's complaint or petition charges that the Association, and Martin as its manager, in the handling of sundry banking accounts in the Association belonging to the plaintiff, including the making of promissory notes and in the accounting for the proceeds of sales at a sale pavilion, also belonging to the plaintiff, misapplied and converted moneys belonging to him in a large sum, for the determination of the precise amount of which an accounting will be required; that, as a result thereof, those two defendants are substantially indebted to him; that the Company has issued a bond in the penal sum of $35,000.00, conditioned on the faithful accounting by Martin and the other officers of the Association of monies entrusted to it whereunder, and to the extent of its designated limit, it has assumed a lia-

bility to depositors for and to the extent of their losses in consequence of the infidelity of any such officer or officers.

Without unnecessary discussion or citation of authorities it may be observed at the outset that the community of citizenship between the plaintiff, Martin and the Association would defeat the jurisdiction of this court over the case if it had originally been filed here, and also its removal, at the instance of all of the defendants. All parties recognize that premise. But the Company alone has caused the removal upon the claim that Title 28 U.S.C.A. § 1441(c) supports it. That contention is denied in the presentation of the Association's motion to remand and without formal motion was likewise denied by counsel for the plaintiff on oral argument. Its validity is the court's sole present inquiry.

Section 1441(c) is presently in the following language: "Whenever a *separate and independent claim or cause of action,* which would be removable if sued upon alone, is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters not otherwise within its original jurisdiction." (Emphasis added.)

In that form the section has been in force since September 1, 1948. Immediately and for approximately thirty-five years theretofore, the subject was somewhat differently covered by a portion of what was formerly Title 28 U.S.C.A. § 71, whose relevant language was: "And when in any suit mentioned in this section there shall be a controversy which is wholly between citizens of different States, and which can be fully determined as between them, then either one or more of the defendants actually interested in such controversy may remove said suit into the district court of the United States for the proper district."

■ That the revision of the phraseology was purposeful, and was designed to achieve clarification, and a measure of restriction in the removal jurisdiction of the United States district courts may be gathered from the pertinent reviser's notes. See Title 28 United States Code, Congressional Service, pp. 1854–1855. Its detailed quotation and discussion are regarded as unnecessary.

■ Whatever the former practice may have allowed, it is now essential to removal by less than all defendants on the ground defined in Section 1441(c), that in the pleading prompting the effort to remove there be joined with one or more non-removable claims or causes of action "a separate and independent claim or cause of action, which would be removable if sued upon alone". The claim or cause of action must be not only separate from, but also independent of, the non-removable claim or cause of action. The terms "separate" and "independent" are used conjunctively, a circumstance which the courts are not at liberty to neglect. Vide infra.

The presently applicable section of the statute has not received judicial construction, of which the present writer is, or counsel seem to be, aware which is directly instructive upon this submission.

Of the cases reported from district courts which have applied it, several have involved the familiar circumstance of the joint or concurrent negligence of two or more parties uniting in the causation of a single injury, which has long been regarded as inadequate under the former practice to disclose a separable controversy supporting removal. Thomas v. Thompson, D. C.Ark., 80 F.Supp. 225; English v. Atlantic Coast Line R. Co., D.C.S.C., 80 F.Supp. 681; Smith v. Waldemar, D.C.Tenn., 85 F. Supp. 36; Billups v. American Surety Co., D.C.Kan., 87 F.Supp. 894; Harward v. General Motors Corp., D.C.N.C., 89 F. Supp. 170; and Rodewald v. Phillips Petroleum Co., D.C.Iowa, 91 F.Supp. 700. Upon that point see also Bentley v. Halliburton Oil Well Cementing Co., 5 Cir., 174 F.2d 788, reversing 81 F.Supp. 323. Others either do not disclose fully the basis of their determination or rest upon procedural questions. McFadden v. Grace Line, D.C. N.Y., 82 F.Supp. 494. President, etc. v. Monogram Associates, D.C.N.Y., 81 F. Supp. 739. Still others deal with active and deliberate torts jointly committed by two or more parties, e.g. Robinson v. Missouri

Pacific Transportation Co., D.C.Ark., 85 F. Supp. 235; and Duffy v. Duffy, D.C.Iowa, 89 F.Supp. 745, or with causes of action to which, by reason of their nature both non-resident and resident parties are necessary, in actions on which removability has been denied despite the distinctive nature and origin of the non-resident party or parties' claim. E.g. Board of Directors v. Whiteside, D.C.Ark., 87 F.Supp. 69.

Perhaps the most instructive and thoroughly reasoned decision upon the new statute is Mayflower Industries v. Thor Corp., 3 Cir., 184 F.2d 537, 538, in which the court of appeals, with one judge dissenting, reversed, on the ground of improper removal and consequent want of jurisdiction, an intermediate but appealable order by a district court, in an action for damages for breach of contract brought by the former holder of an exclusive distributor's contract against the non-resident contracting manufacturing corporation and a resident corporation to which, immediately on the breach, the manufacturer had given a replacing exclusive distributor's contract, the new distributor being aware of the breach of plaintiff's contract and of its wrongfulness. Though the two steps taken by the manufacturer were held to be different and successive, they were not regarded as either separate or independent, especially not independent. Three opinions were written in the ruling of the Court of Appeals, two concurring in the action of the court, and the other by way of dissent. It is to be noted also that the opinion first appearing in the report of the case has the approval of the two concurring judges, the concurring opinion merely advancing further ground for the judgment.

Quotation at length from the discussions will not be offered, but the following comment in applying the test of separateness and independence may be instructive. Judge Hastie wrote in the principal opinion:

" * * * 'Separate' alone might connote no more than the separability of controversies for purposes of litigation. But that is not enough here. We believe the adjectives 'separate and independent' were used in conjunction to convey some meaning which would not have been apparent from the use of one adjective alone. At least their common underlying connotation of absence of some significant connection is emphasized. In the context of the present litigation it is enough to say that a consideration of the interests of the parties and the relationship of the two claims in subject matter and essential factual basis lead to the conclusion that the claims of Mayflower against Thor and Teldisco do not constitute 'separate and independent' causes of action within the meaning of Section 1441(c).

"As revealed by the record, the business reality is that a manufacturer has changed distributors in a certain area, the operative transactions occurring practically simultaneously. From the point of view of the complainant, Mayflower, the termination of its distributorship and the substitution of Teldisco as sole New Jersey distributor of Thor's product immediately thereafter are at most but two aspects of a single economic injury. This is true whether or not Mayflower's conclusion with reference to a 'conspiracy' between Thor and Teldisco is deemed on its face a legally sufficient pleading of this basis of liability.

*"It is even more significant that the circumstances and alleged illegality of the termination of Mayflower's distributorship by Thor constitute the principal controversial issue in the establishment of any cause of action by Mayflower against Teldisco. There is almost complete coincidence of the basic operative facts. Thus analyzed, the claims are not separate and independent."*

In the supposition (which, despite its extreme improbability, must be granted by this court for its present purpose) that the allegations of the plaintiff's pleading upon the point are factually true, the Company, by contract for the benefit of persons in the plaintiff's position, has assumed liability to the extent of $35,000.00 for misfeasance of the Association, through its officers. Its liability, if any exists, rests upon its contract, that of the Association and Martin upon their allegedly tortious dealing with the plaintiff's money and property. However, in such a situation, the court is unable to conclude that the claim

against the Company is independent of that against the other defendants. The claim against the Company, whatever its theory and basis, inevitably depends upon the validity of the claim against its codefendants. The substantiation of the claim against Martin (and perhaps also against the Association, although in point of fact this is very dubious) is an inevitable step in establishing any claim against the Company. That being true, the court is of the opinion that the statutorily prescribed ingredient of independence, if not also of separateness, is absent.

The case, therefore, was improperly and improvidently removed to this court and must be and is being remanded.

One may not leave the subject without a frank recognition of two fairly obvious features.

 The first is that the plaintiff's pleading almost certainly reflects inaccurately and unfairly the true nature and character of the Company's bond. Elsewhere in this court's records, the court is made aware that it is actually a standard statutory bank bond furnished under Section 8–106, R.S.Neb.1943. Such a bond is quite different from an undertaking of the sort averred by the petition or complaint in this case. But here and for the limited purpose of this ruling the court considers the case to be as made out by the plaintiff in his complaint appraised as of the time of removal, Southern R. Co. v. Miller, 217 U.S. 209, 30 S.Ct. 450, 54 L.Ed. 732; Chicago R. I. & P. R. Co. v. Schwyhart, 227 U.S. 184, 33 S.Ct. 250, 57 L.Ed. 473; Alabama Great Southern R. Co. v. Thompson, 200 U.S. 206, 26 S.Ct. 161, 50 L.Ed. 441; Louisville & N. R. Co. v. Ide, 114 U.S. 52, 5 S.Ct. 735, 29 L.Ed. 63; Johnson v. Marsh, D.C.Neb., 49 F.Supp. 137.

The second such feature is the obviously tenuous basis of any claimed right of the plaintiff in his own name to bring a direct action against the Company on any bond whose existence he may prove, and the infirmity even of his allegation in his complaint or petition of such a right. But that consideration also is inappropriate for determination upon a motion to remand.

Broadway Ins. Co. v. Chicago G. W. R. Co., C.C.W.D.Mo., 101 F. 507; Johnson v. Marsh, supra. The proper disposition of his claim against the Company, first upon its pleading, and thereafter, if necessary, upon its proof, must be returned to the state court.

The record discloses several pending motions in addition to the one now granted. But its allowance and the order remanding the case require that no other action be taken here. Those other issues, too, will have to be ruled upon by the state court.