**FIRST NATIONAL BANK OF LAKE PROVIDENCE, The Hibernia National Bank in New Orleans, National Bank of Commerce of Pine Bluff, and Walter J. Garic, Inc., a Corporation, Plaintiffs,**

v.

**AMERICAN MARINE AND GENERAL INSURANCE COMPANY, American Express Field Warehousing Corporation, and John Lammers, D/B/A Lammers Rice Mill, Defendants.**

Civ. No. H–746.

United States District Court
E. D. Arkansas, E. D.
March 2, 1960.

Stephens A. Matthews, E. Harley Cox, Jr., Pine Bluff, Ark., John Hester, Lake Providence, La., for plaintiffs.

John M. Lofton, Jr., Little Rock, Ark., Thomas L. Cashion, Eudora, Ark., J. W. Barron, Sr., Little Rock, Ark., for defendants.

HENLEY, Chief Judge.

This action, which arises, in part at least, out of the alleged destruction, loss, or conversion of a large quantity of rice, was commenced in the Circuit Court of Desha County, Arkansas, and was removed to this Court by two of the three defendants. The cause is now before the Court upon the plaintiffs' motion to remand for lack of jurisdiction.

The plaintiffs are: Walter J. Garic, Inc., a Louisiana corporation (Garic); The Hibernia National Bank In New Orleans, a Louisiana national bank (Hibernia Bank); The First National Bank of Lake Providence, Louisiana, another

Louisiana national banking institution (First National Bank); and The National Bank of Commerce of Pine Bluff, Arkansas, a national bank domiciled in the State just mentioned (National Bank of Commerce).

The defendants are: John Lammers, an individual citizen of Arkansas; American Marine And General Insurance Company, a New York corporation (insurance company); and American Express Field Warehousing Corporation, a Delaware corporation (warehouse company).

Complete diversity of citizenship between all of the plaintiffs on the one hand and all of the defendants on the other hand does not exist, and the individual defendant, Lammers, is a citizen of Arkansas. Notwithstanding, the insurance company and the warehouse company filed separate petitions for removal in this Court, alleging that the claims asserted against them were separate from and independent of the claims against their co-defendant, Lammers, and that the entire case was removable under 28 U.S.C.A. § 1441(c).[1] The warehouse company now concedes that its right to remove was "dubious" and has consented that its "Petition for Removal * * * be denied." The insurance company, however, contends that in view of the nature of the claims asserted against it, this Court has jurisdiction.

For the purpose of determining its jurisdiction the Court looks at the case as it stood at the time of removal and as made out by the plaintiffs in their complaint. Chicago, R. I. & P. Ry. Co. v. Schwyhart, 227 U.S. 184, 33 S.Ct. 250, 57 L.Ed. 473; Southern Ry. Co. v. Miller, 217 U.S. 209, 30 S.Ct. 450, 54 L.Ed. 732; Alabama Great Southern Ry. Co. v. Thompson, 200 U.S. 206, 26 S.Ct. 161, 50 L.Ed. 441; Doran v. Elgin Cooperative Credit Ass'n, D.C.Neb., 95 F.Supp. 455, 459.

As disclosed by the complaint the basic facts are as follows: Prior to July 18, 1959, the warehouse company maintained a warehouse in McGehee, Arkansas, in which large quantities of rice were stored. Some of this rice was owned by the defendant, Lammers, who, being indebted to First National Bank and to National Bank of Commerce, had pledged to those banks warehouse receipts issued by the warehouse company and covering certain rice belonging to Lammers.

In May 1959 the plaintiff, Garic, bought 10,648.50 cwt. of unmilled rice from the Commodity Credit Corporation (CCC), with the understanding that after the rice had been milled, it would be resold to CCC for a higher price. At about the same time Garic and Lammers entered into an agreement whereby the latter was to mill the rice and then return it to Garic. The rice was turned over to Lammers and was stored by him in the warehouse company's facilities in McGehee. Title to this rice was retained by Garic. At the time of these transactions Garic was indebted to Hibernia Bank, and to secure his indebtedness to that bank he pledged to it his interest in the rice turned over to Lammers.

All of the rice mentioned was insured by the defendant insurance company, and the policy contained loss payable endorsements in favor of the three creditor banks.

On July 18, 1959, while Lammers was still indebted to First National Bank and National Bank of Commerce, and before he had redelivered the Garic rice, the warehouse caught fire, and the contents thereof were damaged or destroyed.

After the fire, demands were made by the plaintiffs upon the insurance company for the satisfaction of their respective claims under the loss payable endorsements, but the insurance company refused payment on the ground that all of the rice in which the plaintiffs were

---

1. "Whenever a separate and independent claim or cause of action, which would be removable if sued upon alone, is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters not otherwise within its original jurisdiction."

interested had been removed from the warehouse prior to the fire. It was contended by Lammers and the warehouse company, on the other hand, that the rice had been in the warehouse at the time of the fire and had been burned, and the plaintiffs should have recourse to the insurance company for the satisfaction of their demands. Confronted with those conflicting contentions, the plaintiffs commenced this action against all of the defendants.

The complaint reveals that it actually involves three separate and distinct claims against all three of the defendants. In each instance, however, the claim is cast in the alternative, the first alternative being that Lammers and the insurance company are jointly and severally liable to the respective plaintiffs, and the second alternative being that Lammers and the warehouse company are jointly and severally liable to the respective plaintiffs.

The first claim, that of Garic and Hibernia Bank, involves the rice that Garic turned over to Lammers. The claim against Lammers and the insurance company is for the value of the rice, which is alleged to be $66,068.19, with a further prayer for the award of penalty and attorney's fee against the insurance company. The alternative claim against Lammers and the warehouse company is for the value of the rice, plus loss of profits from the expected resale to CCC, plus special damages in the sum of $10,000, allegedly occasioned by Garic's loss of the good will of CCC.

The basic claim of First National Bank is for the balance owed to it by Lammers, amounting to $60,609.73, and the basic claim of National Bank of Commerce is for the amount of Lammers' debt to it amounting to $7,500.

The theory of the claims against the insurance company is that the rice was in the warehouse at the time of the fire and was destroyed. The claims against the warehouse company presuppose that the rice had been removed from the warehouse prior to the fire, and the basis of those claims is that the warehouse company has wrongfully failed either to deliver the rice to those entitled thereto, or to account for its value. Obviously, under either factual alternative Lammers, individually, may well be liable to some or all of the plaintiffs.

■ It is familiar law by now that 28 U.S.C.A. § 1441(c), which was a part of the 1948 revision of the Judicial Code, abolished the concept of "separable controversy" as a basis for removal, and substituted the requirement that there exist a "separate and independent claim or cause of action, which would be removable if sued upon alone." The effect of this provision was to narrow federal removal jurisdiction. As was said by the Supreme Court in the leading case of American Fire & Casualty Co. v. Finn, 341 U.S. 6, 9–12, 71 S.Ct. 534, 538, 95 L.Ed. 702:

"One purpose of Congress in adopting the 'separate and independent claim or cause of action' test for removability by § 1441(c) of the 1948 revision in lieu of the provision for removal of 28 U.S.C. (1946 ed.) § 71, was by simplification to avoid the difficulties experienced in determining the meaning of that provision. Another and important purpose was to limit removal from state courts. * * *

"The Congress, in the revision, carried out its purpose to abridge the right of removal. Under the former provision * * * separable controversies authorized removal of the suit. * * *

"A separable controversy is no longer an adequate ground for removal unless it also constitutes a separate and independent claim or cause of action. * * * Congress has authorized removal now under § 1441(c) only when there is a separate and independent claim or cause of action. Of course, 'separate cause of action' restricts removal more than 'separable controversy.' In a suit covering multiple parties or issues based on a single claim, there

may be only one cause of action and yet be separable controversies. The addition of the word 'independent' gives emphasis to congressional intention to require more complete disassociation between the federally cognizable proceedings and those cognizable only in state courts before allowing removal."

In Finn the Court then went on to hold that where a single recovery is sought. for a single actionable wrong the cause of action is single, even though the facts may be complex, the parties numerous, and even though the bases of liability asserted against the respective defendants may be different. See in this connection Gray v. New Mexico Military Institute, 10 Cir., 249 F.2d 28.

In Snow v. Powell, 10 Cir., 189 F.2d 172, the court had occasion to consider the meanings of the words "separate" and "independent" appearing in Section 1441(c). It was said (at page 174):

"The word 'separate' means distinct; apart from; not united or associated. The word 'independent' means not resting on something else for support; self-sustaining; not contingent or conditioned."

■ When the complaint in the case at bar is considered in the light of the principles above stated, it is at once clear that the warehouse company was well advised in making its concession that its own attempt to remove the case cannot be sustained. So far as First National Bank and National Bank of Commerce are concerned, they are simply trying to recover the money alleged to be owing to them from the defendant Lammers; they contend that both Lammers and the warehouse company are liable on the former's obligations. Whether the two banks are correct in this contention is a question that goes to the merits of the claims, not to their nature as single on the one hand, or as separate and independent on the other. Similarly, the claim of Garic and Hibernia Bank against Lammers and the warehouse company for the value of the rice and for damages resulting from its non-delivery is but a single claim.

■ Likewise, the Court is convinced that the claims asserted against the insurance company are not separate and independent from the claims asserted against Lammers. As noted, First National Bank and National Bank of Commerce are seeking to recover nothing except the moneys that they claim are owed to them by Lammers. They have two alternative theories with regard to those claims. If the rice was in the warehouse and was destroyed by the fire, then they are entitled to recover from the insurance company. On the other hand, if the rice was not in the warehouse when the fire occurred, they are entitled, according to their view, to recover against Lammers and the warehouse company. Similarly, the primary objective of the claim of Garic and of Hibernia Bank is the recovery of the value of the rice which was turned over to Lammers. Under one theory, the insurance company is liable for that value; under another, the warehouse company and Lammers are liable.

It is quite true that the extent of the recovery sought against the insurance company is not co-extensive with the recovery sought against Lammers and the warehouse company. There are claims against the insurance company for the allowance of statutory penalties and attorney's fees which are not asserted against the other defendants, and there is a claim for damages against Lammers and the warehouse company which is not asserted against the insurance company. But, the Court does not believe that a claim which is essentially a single claim or cause of action is converted into two separate and independent claims or causes of action merely because the relief sought against one defendant is not precisely co-extensive with that sought against the other, or because recovery against one of the defendants might have certain incidents not applicable to the other.

In its brief the insurance company cites Commander-Larabee Milling Co. v.

Jones-Hettelsater Construction Co., D.C. Mo., 88 F.Supp. 476. Assuming for the moment that that case supports the insurance company's position here, it is noted that the decision was rendered prior to the decision of the Supreme Court in Finn, the rationale of which, in the opinion of this Court, dictates a remand of the case at bar.

Let an order be entered granting the motion to remand.