Fred L. SMITH, Jr., Plaintiff,

v.

The PAUL REVERE LIFE INSURANCE COMPANY, Defendant.

No. CIV-2-74-48.

United States District Court, E. D. Tennessee, Northeastern Division.

May 13, 1974.

Opinion on Motion to Reconsider July 2, 1974.

James W. Fletcher, Greeneville, Tenn., and Max E. Wilson, Mountain City, Tenn., for plaintiff.

Ferdinand Powell, Jr., Johnson City, Tenn., for defendant.

## MEMORANDUM OPINION AND ORDER OF REMAND

NEESE, District Judge.

This is an action by the plaintiff Mr. Smith for the recovery of commissions and renewal commissions he allegedly earned on policies of insurance written by him for the defendant The Paul Revere Life Insurance Company. The action was removed from a state court, 28 U.S.C. § 1441(a), on the basis of the diversity of citizenship of the parties. 28 U.S.C. §§ 1332(a)(1), (c). The plaintiff moved for a remand of the action to the state court of origin, on the ground that such removal was improvident and without jurisdiction, 28 U.S.C. § 1447 (c), in that the matter in controversy between the parties does not exceed the sum or value of $10,000, exclusive of interest and costs.

In his original complaint, the plaintiff demanded judgment against the defendant for $9,500 " * * * for commissions and renewals [to] which [the] plaintiff is entitled * * * " and for " * * * [g]eneral relief." Fred L. Smith, Jr., plaintiff, v. The Paul Revere Life Insurance Company, defendant, civil action no. 2501 in the Chancery Court of Johnson County, Tennessee. The defendant contends that, if the plaintiff is entitled to recover the commissions and renewal commissions he claims, he would be entitled to more than $10,000,* exclusive of interest and costs, and that a further matter in controversy between the parties is the plaintiff's claim for general relief.

■ " * * * The general federal rule has long been to decide what the amount in controversy is from the complaint itself, unless it appears in some other way shown that the amount stated in the complaint is not claimed 'in good faith'. In deciding the question of good faith we [the Supreme Court] have said that it 'must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal. * * * '" Horton v. Liberty Mutual Ins. Co. (1961), 367 U.S. 348, 353, 81 S.Ct. 1570, 1573, 6 L.Ed.(2d) 890, 894 (headnotes 4, 5), cited and quoted from in Summerford v. Universal Equipment Company, Inc., D.C.Tenn. (1971), civil action no. 1079, Winchester Division, memorandum opinion and order of October 20, 1971, affirmed subject to a remittitur, C.A.6th (1973), order of October 30, 1973 in no. 72–2226. As to the plaintiff's claim for general relief, the value of the right sought to be protected is the matter in controversy. Hague v. Committee for Industrial Organization (1939), 307 U.S. 496, 508, 59 S.Ct. 954, 83 L.Ed. 1423, 1432 (headnote 4). Although the plaintiff prayed for general relief in his complaint, there is no statement therein of any claim showing that the plaintiff is entitled to relief or any demand for any relief except the recovery of $9,500.

■ Even if the plaintiff Mr. Smith might be able to claim more herein than $9,500, he has a right to determine the amount he seeks to recover and had the right to sue for this lesser amount. Brady v. Indemnity Ins. Co. of North America, C.C.A.6th (1933), 68 F.2d 302, 304; Harley v. Firemen's Fund Ins. Co., D.C.Wash. (1913), 245 F. 471, 476 [3]. After his voluntary dismissal of the earlier action in this Court, his action was again at large, and he was at liberty to begin it again in any court of

---

* In an earlier action in this Court, which was dismissed on notice of the plaintiff, he claimed that the matter in controversy exceeded the sum or value of $10,000, exclusive of interest and costs. Fred L. Smith, Jr., plaintiff, v. The Paul Revere Life Insurance Company, defendant, civil action no. 2963, this district and division.

competent jurisdiction. Southern R. Co. v. Miller (1910), 217 U.S. 209, 217, 30 S.Ct. 450, 54 L.Ed. 732, 736 (headnote 2).

It appearing that his action was removed improvidently and without jurisdiction, this action hereby is remanded to the Chancery Court of Johnson County, Tennessee. The clerk of this Court will serve by United States mail a certified copy of this order of remand on the clerk and master at Mountain City, Tennessee, and the court of origin may proceed with the case. 28 U.S.C. § 1447(c). Costs of the removal will be taxed against the removing defendant.

## ON MOTION TO RECONSIDER

The defendant herein has moved the Court to reconsider its memorandum opinion and order of remand herein of May 13, 1974. Rule 59(e), Federal Rules of Civil Procedure. There is no merit to such motion. This Court is foreclosed from such reconsideration, 28 U.S.C. § 1447(d); Leslie v. Floyd Gas Co., D.C.Ky. (1935), 11 F.Supp. 401, 402 [3]; In Re La Providencia Development Corporation, C.A. 1st (1969), 406 F.2d 251, 252–3[2, 3], and the motion is hereby denied.